■ In the Matter of MARYJANE WENSKOSKI, Appellant, v JANICE A. WENSKOSKI et al., Respondents. [699 NYS2d 150] —Mercure, J. P. Appeal from an order of the Family Court of Fulton County (Jung, J.), entered April 15, 1998, which dismissed petitioner's application, in a proceeding pursuant to Family Court Act article 6, for visitation with her grandson.

Petitioner is the paternal grandmother of Andrew Wenskoski. Andrew's parents, respondents, separated in the fall of 1997 and a divorce action is pending between them. Since the separation, Andrew has resided with his mother in the marital domicile. Petitioner commenced this proceeding in December 1997 pursuant to Domestic Relations Law § 72 seeking visitation with Andrew. Family Court determined that petitioner

had standing to maintain this proceeding but denied the requested visitation. Petitioner appeals.

We affirm. Initially, we find ample record evidence to justify Family Court's determination that petitioner had standing to bring this proceeding. As relevant here, Domestic Relations Law § 72 grants standing to a grandparent seeking visitation "where circumstances show that conditions exist which equity would see fit to intervene". The equitable circumstances requirement will be met with a showing of "a sufficient existing relationship with [the] grandchild, or in cases where that has been frustrated by the parents, a sufficient effort to establish one, so that the court perceives it as one deserving the court's intervention" (*Matter of Emanuel S. v Joseph E.*, 78 NY2d 178, 182).

The evidence adduced before Family Court shows that petitioner had substantial ongoing contact with Andrew from his birth in 1985 until September 1997, when his father moved out of the family home and pursued an extramarital affair. Indeed, the record reflects that during Andrew's infancy, petitioner lived in the marital domicile and took care of him. After petitioner moved out in 1989, Andrew frequently visited her and petitioner watched Andrew during the day in the year before he began kindergarten. Thereafter, petitioner cared for Andrew after school and when he was sick and could not attend school. Additionally, petitioner placed an advertisement in a newspaper in 1998 wishing Andrew a happy birthday, thereby demonstrating her efforts to maintain contact with Andrew during the three months that they were estranged.

The remaining inquiry is whether Family Court erred in dismissing the petition on the merits. "[T]he question of whether visitation should be granted lies solely in the discretion of the court and must, in the final analysis, be determined in the light of what is required in the best interest of the child" (*Lo Presti v Lo Presti*, 40 NY2d 522, 527). In our view, the record provides sufficient support for Family Court's conclusion that requiring Andrew to visit with petitioner would not be in his best interest. In an in camera interview, Andrew indicated to Family Court that he did not want to visit with petitioner. While the child's wishes are by no means determinative (*see, Eschbach v Eschbach*, 56 NY2d 167, 173), it also appears that petitioner has made disparaging remarks about Andrew's mother, indicating that his father had found a more suitable mate and urging Andrew and his brother to leave their mother and move in with their father. As a result, Andrew felt that petitioner approved of his father's affair and his abandonment

of the family. Although petitioner denied discussing respondents' marital issues with him, Family Court was in the best position to make determinations of credibility (*see, id.,* at 173). In view of Andrew's obvious psychological difficulty in dealing with the polarization of his family, we are not persuaded to disturb Family Court's determination.

Crew III, Peters, Carpinello and Graffeo, JJ., concur. Ordered that the order is affirmed, without costs.