■ In the Matter of MARGUERITE T. CANALES, Appellant, v ALYSON AULET, Respondent. [744 NYS2d 851] —In a proceeding pursuant to Domestic Relations Law § 72 and Family Court Act article 6, the petitioner appeals, as limited by her brief, from so much of an order of the Family Court, Queens County (DePhillips, J.), dated July 22, 1999, as denied that branch of her petition which sought grandparental visitation.

Ordered that the order is affirmed insofar as appealed from, without costs or disbursements.

To be afforded standing to seek grandparental visitation over the objection of a biological parent, the petitioning grandparent must establish an existing relationship with the grandchild, or sufficient efforts to establish one that have been unjustifiably frustrated by the parent. Only after such a favorable showing of the equities has been made will the court, considering all relevant facts and circumstances, determine whether the application deserves judicial intervention (*see* Domestic Relations Law § 72; *Matter of Emanuel S. v Joseph E.,* 78 NY2d 178; *Matter of Ann M.C. v Orange County Dept. of Social Servs.,* 250 AD2d 190, 194).

In the matter at bar, the Family Court correctly dismissed the petition for lack of standing. The appellant's disruptive and sometimes violent propensities, including the repeated filing with child welfare authorities of unfounded charges of the mother's unfitness, led to an acrimonious relationship between the grandmother and the mother, each of whom obtained reciprocal orders of protection. Upon all of the circumstances, the Family Court providently determined that equity did not require intervention (*see Matter of Emanuel S. v Joseph E., supra*).

The appellant's remaining contentions are without merit. Prudenti, P.J., Ritter, S. Miller and McGinity, JJ., concur.