◼ In the Matter of EILEEN N. KENDERES, Appellant, v ELIZABETH M. NORTON, Respondent, et al., Respondent. [803 NYS2d 711]—

In a proceeding pursuant to Family Court Act article 6 for grandparent visitation, the grandmother appeals, as limited by her brief, from so much of an order of the Family Court, Dutchess County (Sammarco, J.), dated December 21, 2004, as granted that branch of the mother's motion which was to dismiss the petition for lack of standing.

Ordered that the order is affirmed insofar as appealed from, with costs.

"To be afforded standing to seek grandparental visitation over the objection of a biological parent, the petitioning grandparent must establish an existing relationship with the grandchild, or sufficient efforts to establish one that have been unjustifiably frustrated by the parent. Only after such a favorable showing of the equities has been made will the court, considering all relevant facts and circumstances, determine whether the application deserves judicial intervention" (*Matter of Canales v Aulet,* 295 AD2d 507 [2002]; *see* Domestic Relations Law § 72; *Matter of Wilson v McGlinchey,* 2 NY3d 375, 380 [2004]; *Matter of Emanuel S. v Joseph E.,* 78 NY2d 178, 181 [1991]).

In the case at bar, the grandmother failed to show any basis for judicial intervention. The parents of the children were divorced by judgment dated July 7, 2000. The mother was awarded custody. In July 2000, the father of the children, who is the son of the petitioner grandmother, during a period of visitation, abducted the children, then three and eight years old, and took them on a nine-month journey across the country until he was arrested in California. The children were returned to the mother in April 2001. While the grandmother had a relationship with the children before her son abducted them, the Family Court properly found that there was no evidence of a current relationship. Contrary to the grandmother's contention, her relationship with the children was not frustrated by the mother. Moreover, the Family Court properly found that the grandmother attempted to minimize the traumatic impact the abduction had on the children. In addition, the grandmother engaged in inappropriate behavior, such as renting a billboard on a busy public road to communicate with the grandchildren, and hiring a private investigator to "spy" on them and on the mother.

Accordingly, the Family Court properly granted that branch of the mother's motion which was to dismiss the petition for grandparent visitation for lack of standing. H. Miller, J.P., Cozier, Ritter and Dillon, JJ., concur.