■ In the Matter of DARLENE R. VARNEY, Appellant, v CHRISTINE M. MCKEE et al., Respondents. [845 NYS2d 475]—

Peters, J. Appeal from an order of the Family Court of Warren County (Breen, J.), entered September 29, 2006, which partially granted petitioner's application, in a proceeding pursuant to Family Ct Act article 6 and Domestic Relations Law § 72, for visitation with her grandchild.

Respondents, who were never married, had one child together (born in 2003). Petitioner, the child's paternal grandmother, was present at the child's birth, visited him every weekend and babysat whenever asked. Within a month of respondents' separation in September 2004, petitioner became the child's primary caretaker and remained so until February 2006. In June 2005, all parties consented to give her primary physical custody on a temporary basis, later making such order permanent in July 2005. At all times that petitioner had physical custody of the child, neither parent was living with the child. In February 2006, however, Family Court issued another order of custody, on consent, granting respondents joint legal custody of the child, with primary physical custody to the mother. At that time, it was the understanding of the court, the Law Guardian and petitioner that petitioner would have visitation with the child.

When no such visitation was permitted for four months from that order, petitioner commenced this proceeding, pursuant to

Domestic Relations Law § 72 and Family Ct Act § 651 (b), for visitation with the child. Following a hearing, petitioner was granted three hours of visitation each month, as well as such additional visitation as the parties agreed. This appeal by petitioner followed.

The determination of grandparent visitation involves a two-step inquiry (*see* Domestic Relations Law § 72; *Matter of Emanuel S. v Joseph E.*, 78 NY2d 178, 181 [1991]). Once standing, predicated either upon death of a parent or "equitable circumstances which permit the court to entertain the petition" (*Matter of Emanuel S. v Joseph E.*, 78 NY2d at 181), is determined, the next inquiry is whether visitation will be in the best interests of that child (*see id.; see also Matter of E.S. v P.D.*, 8 NY3d 150, 157 [2007]; *Matter of Coulter v Barber*, 214 AD2d 195, 196 [1995]). Recognizing that the issue of standing is not before us (*see Matter of Wilson v McGlinchey*, 305 AD2d 879, 880-881 [2003], *affd* 2 NY3d 375 [2004]), we note the sufficiency of evidence evincing a relationship between petitioner and the child which was "deserving [of] the court's intervention" (*Matter of Emanuel S. v Joseph E.*, 78 NY2d at 182). With these equitable circumstances established, Family Court properly addressed whether visitation would be in the child's best interests.

"Although there is no set formula in determining a child's best interest" (*Matter of Ziarno v Ziarno*, 285 AD2d 793, 794 [2001], *lv denied* 97 NY2d 605 [2001]; *see Matter of Beers v Beers*, 220 AD2d 839, 840 [1995]), factors will include " 'the nature and extent of the [existing] grandparent-grandchild relationship' " (*Matter of Ziarno v Ziarno*, 285 AD2d at 794, quoting *Matter of Emanuel S. v Joseph E.*, 78 NY2d at 182). As petitioner was the child's primary caretaker for approximately 16 months during the early stages of the child's life, and with it undisputed that the child formed a strong and loving bond with petitioner, Family Court properly determined that petitioner's visitation with the child was in the child's best interests (*see Matter of Ziarno v Ziarno*, 285 AD2d at 794). Considering the testimony highlighting some unstable elements in petitioner's home environment and the maxim that "the courts should not lightly intrude on the family relationship" against the wishes of the parents (*Matter of E.S. v P.D.*, 8 NY3d at 157; *see Matter of Wilson v McGlinchey*, 305 AD2d at 882), we cannot conclude that Family Court abused its discretion in the amount of visitation awarded. In so finding, however, we note Family Court's strong advisory to respondents that they include petitioner in their family functions and consider expanding the time avail-

able to petitioner when available. Upon that basis, we decline to modify the award at this juncture.

Mercure, J.P., Spain, Carpinello and Kane, JJ., concur. Ordered that the order is affirmed, without costs.