■ In the Matter of FLOYD L. COUSE JR. et al., Appellants, v PEGGY S. COUSE et al., Respondents. (And Another Related Proceeding.) [855 NYS2d 297]—

Stein, J. Appeals from two orders of the Family Court of Chenango County (Sullivan, J.), entered June 1, 2007, which dismissed petitioners' applications, in two proceedings pursuant to Family Ct Act article 6, for visitation with their grandchildren.

Petitioners are the biological parents of respondent Peggy S. Couse and the grandparents of her three children. Petitioners filed two petitions seeking visitation with their grandchildren. Family Court dismissed the petitions, sua sponte, on the basis that petitioners were not entitled to visitation, as a matter of law, unless their daughter was no longer alive. Although Family Court did not specifically denominate the issue as such, it essentially found that petitioners lacked standing.

Family Court erred in dismissing the petitions. While it is true that grandparents have an absolute right to petition for visitation with their grandchildren where either or both of the children's parents has died (*see* Domestic Relations Law § 72; Family Ct Act § 651 [b]; *Matter of Emanuel S. v Joseph E.*, 78 NY2d 178 [1991]), that right also exists when the grandparents establish circumstances in "which equity would see fit to intervene" (Domestic Relations Law § 72 [1]; *see Matter of Emanuel S. v Joseph E.*, 78 NY2d at 181; *Matter of Varney v McKee*, 44 AD3d 1178 [2007]). Here, Family Court failed to examine whether petitioners had established equitable circum-

stances which would permit the court to entertain their petitions and, if so, whether visitation would be in the children's best interests (*see* Domestic Relations Law § 72 [1]; Family Ct Act § 651 [b]; *Matter of Emanuel S. v Joseph E., supra*; *Matter of Varney v McKee, supra*). Accordingly, the matters must be remitted to Family Court.

Peters, J.P., Carpinello, Kane and Kavanagh, JJ., concur. Ordered that the orders are reversed, on the law, without costs, and matters remitted to the Family Court of Chenango County for further proceedings not inconsistent with this Court's decision.