■ In the Matter of DOLORES A. BASSETT, Appellant, v ALLISON McGRAW, Respondent, et al., Respondent. [865 NYS2d 720]—

Malone Jr., J. Appeal from an order of the Family Court of

Otsego County (Coccoma, J.), entered May 24, 2007, which dismissed petitioner's application, in a proceeding pursuant to Family Ct Act article 6, for visitation with the subject child.

Petitioner, the paternal grandmother of the subject child (born in 2002), commenced this proceeding seeking unsupervised visitation with him. At the time, respondent Allison McGraw (hereinafter respondent), the child's mother, had custody of the child and respondent Joseph Bassett, the child's father, had supervised visitation. Respondent opposed petitioner's application and, after a hearing, Family Court dismissed the petition. Petitioner now appeals.

"When grandparents seek visitation under [Domestic Relations Law §] 72 (1), the court must undertake a two-part inquiry. 'First, [the court] must find standing based on death or equitable circumstances'; and '[i]f [the court] concludes that the grandparents have established the right to be heard, then it must determine if visitation is in the best interest of the grandchild' " (*Matter of E.S. v P.D.*, 8 NY3d 150, 157 [2007], quoting *Matter of Emanuel S. v Joseph E.*, 78 NY2d 178, 181 [1991]). Standing is conferred by the court in its discretion after consideration of all the relevant facts, including the nature and basis for a parent's objection to the petition (*see Matter of Emanuel S. v Joseph E.*, 78 NY2d at 182; *Karr v Black*, 55 AD3d 82, 84-85 [2008]).

In the instant case, both parents are alive and, thus, petitioner was required to establish standing under the equitable circumstances provision of the statute, which requires more than an allegation of love and affection for the child and an expressed desire for visitation. Rather, the grandparent must demonstrate "a sufficient existing relationship with [the] grandchild, or in cases where that has been frustrated by the parents, a sufficient effort to establish one, so that the court perceives it as one deserving the court's intervention" (*Matter of Emanuel S. v Joseph E.*, 78 NY2d at 182; *Matter of Wenskoski v Wenskoski*, 266 AD2d 762, 763 [1999]). In this regard, petitioner admitted at the hearing that, with respondent's cooperation, she already enjoyed periodic visitation with the child and her main complaint was that respondent insisted on supervised visitation. Respondent acknowledged her insistence on supervised visitation and explained her reasons therefor; namely, that petitioner has previously allowed unsupervised contact between her other grandchildren and their father, in violation of a court order, and has made inappropriate comments to those children about their mother. Nevertheless, respondent testified that she is willing to continue to accommodate petitioner's reasonable requests to see

the child as often as possible, so long as the visits were supervised by either her or her mother. Under the facts presented here, petitioner did not meet her burden of demonstrating that equitable circumstances existed that warranted court intervention (*see Karr v Black*, 55 AD3d at 86). As petitioner failed to establish the requisite standing to maintain the proceeding, Family Court did not abuse its discretion in dismissing the petition.

Mercure, J.P., Peters, Spain and Stein, JJ., concur. Ordered that the order is affirmed, without costs.