■ In the Matter of BEVERLY FONDANAROSA, Appellant, v CARY GRIMM et al., Respondents. [874 NYS2d 497]—

In a proceeding pursuant to Family Court Act article 6 for grandparent visitation, the grandmother appeals from an order of the Family Court, Suffolk County (Burke, Ct. Atty. Ref.), dated February 6, 2008, which, after a hearing, dismissed her petition for lack of standing.

Ordered that the order is affirmed, with costs.

In the circumstances of this case, in order to demonstrate standing to seek visitation with her grandchildren, the grand-

mother was required to show that she did everything she reasonably could to establish a relationship with the grandchildren, but that her efforts were unjustifiably frustrated by the children's parents such that equity should intervene on her behalf (*see* Domestic Relations Law § 72; *Matter of Emanuel S. v Joseph E.,* 78 NY2d 178, 181-182 [1991]; *Matter of Kenderes v Norton,* 22 AD3d 852 [2005]; *Matter of Canales v Aulet,* 295 AD2d 507 [2002]).

Here, the Family Court, applying the correct standard and considering all relevant circumstances, properly found that the grandmother had not established that she had made sufficient efforts to establish a relationship with her grandchildren, or that the parents unjustifiably frustrated those efforts. Rather, the evidence established that the grandmother made only sporadic attempts to establish a relationship with the grandchildren and that the parents exercised their right and responsibility to set the parameters for any such relationship, which parameters were unacceptable to the grandmother. Under the circumstances, therefore, the Family Court properly dismissed the petition for lack of standing (*see Matter of Kenderes v Norton,* 22 AD3d at 853; *cf. Matter of Agusta v Carousso,* 208 AD2d 620, 621-622 [1994]). Fisher, J.P., Miller, Carni and Balkin, JJ., concur.