■ In the Matter of FLOYD L. COUSE, JR., et al., Appellants, v PEGGY S. COUSE, Respondent, et al., Respondent. [898 NYS2d 692]—

Stein, J. Appeal from an order of the Family Court of Chenango County (Sherman, J.), entered February 2, 2009, which, among other things, dismissed petitioners' application, in a proceeding pursuant to Family Ct Act article 6, for visitation with two of their grandchildren.

Petitioners are the biological parents of respondent Peggy S. Couse (hereinafter the mother) and the grandparents of her three children (born 1995, 2000 and 2001). In March 2007, petitioners filed two petitions, seeking visitation with their three grandchildren.[1] Family Court dismissed the petitions for lack of standing due to the fact that the mother was still alive (see Domestic Relations Law § 72). On appeal, we reversed and remitted the proceedings based upon Family Court's failure to determine whether petitioners could establish standing by demonstrating "equitable circumstances which would permit the court to entertain their petitions" (Matter of Couse v Couse, 50 AD3d 1211, 1211-1212 [2008]). After conducting hearings in November and December 2008, including Lincoln hearings, Family Court dismissed the petitions.[2] Petitioners now appeal[3] and we affirm.

Where, as here, both parents are still alive, Domestic Rela-

---

1. Two separate petitions were filed inasmuch as the father of the oldest child is different from the father of the two younger children. At the time that petitioners' petitions were filed, the two older children resided with the mother and the youngest child resided with his father. With respect to the younger two children, their father and the mother each had scheduled visitation with the child residing with the other parent.

2. Family Court also awarded the mother sole custody of the two younger children and granted alternate weekend visitation to their father. The self-represented father has not appealed therefrom nor has he filed a brief or otherwise advised us of his position with respect to this appeal.

tions Law § 72 allows grandparents to seek visitation with their grandchildren when they establish circumstances in which equity would see fit to intervene (*see Matter of Emanuel S. v Joseph E.*, 78 NY2d 178, 181-182 [1991]; *Matter of Varney v McKee*, 44 AD3d 1178, 1179 [2007]). Such circumstances must include a sufficient existing relationship with the grandchildren or, where it is alleged that the parents interfere or frustrate the establishment of such relationships, a sufficient effort by the grandparents to establish such a relationship (*see Matter of Emanuel S. v Joseph E.*, 78 NY2d at 182). In the latter situation, the grandparents must demonstrate that they did everything possible under the circumstances to establish a relationship with their grandchildren (*see Matter of Luma v Kawalchuk*, 240 AD2d 896, 896 [1997]). Only if the grandparents establish equitable circumstances permitting the court to entertain their petitions will the court then proceed to determine whether visitation would be in the children's best interests (*see* Domestic Relations Law § 72; Family Ct Act § 651 [b]; *Matter of Emanuel S. v Joseph E.*, 78 NY2d at 181; *Matter of Varney v McKee*, 44 AD3d at 1179).

Here, we conclude that Family Court was well within its discretion in finding that petitioners did not demonstrate equitable circumstances sufficient to confer standing to seek visitation with their grandchildren (*see Matter of Emanuel S. v Joseph E.*, 78 NY2d at 181; *Karr v Black*, 55 AD3d 82, 85 [2008], *lv denied* 11 NY3d 712 [2008]; *Matter of Bassett v McGraw*, 55 AD3d 980, 981 [2008]; *Matter of Wenskoski v Wenskoski*, 266 AD2d 762, 763 [1999]). Petitioners testified that, while they had frequent and substantial contact with the children for several years prior to the commencement of this proceeding, they had seen the younger two children only twice in the "last several" months preceding the hearings. Such visits occurred when the children were in their father's care. In addition, petitioners conceded that their relationship with the mother had deteriorated and that they had no intention of communicating with the mother, even "for the sake of the children." They also expressed an unwillingness to assume responsibility for transporting the children to and from the mother's home to facilitate visitation. Nor did they demonstrate that they had taken reasonable steps

---

**3.** We note that petitioners' notice of appeal is limited to the order relating to the two younger children, and the record before us contains neither an order nor a notice of appeal pertaining to the oldest child. To the extent that the notice of appeal in the record references Family Court's decision—which does mention all three children—no appeal lies from a decision of the Family Court (*see* Family Ct Act § 1112). Thus, we address herein only the issues pertaining to the two younger children.

to repair their relationship with the mother or that they had done everything possible to increase their contact with the children while in the father's care.

However, even if petitioners had established standing, we would not disturb Family Court's determination that visitation would not be in the best interests of the children (see *Matter of E.S. v P.D.*, 8 NY3d 150, 157 [2007]; *Matter of Bassett v Mc-Graw*, 55 AD3d at 981). Here, ample evidence was presented of petitioners' use of foul language and disparagement of the mother in the presence of the children and of the grandfather's volatile personality. In addition, despite the strained relationship between the mother and petitioners, the mother indicated that she was not completely opposed to petitioners spending time with the children, but desired that such contact occur in a public place or at the residence of the children's father. Giving due deference to Family Court's factual determinations and in light of the Law Guardian's support of Family Court's decision, we perceive no abuse of discretion (see *Matter of Siler v Wright*, 64 AD3d 926, 928 [2009]).

Spain, J.P., Rose, Kavanagh and Egan Jr., JJ., concur. Ordered that the order is affirmed, without costs.