■ In the Matter of Ruth C. Hill, Respondent, v Nicole M. Juhase, Appellant, et al., Respondent. [963 NYS2d 765]—

Spain, J. Appeal from an order of the Family Court of Broome County (Charnetsky, J.), entered December 21, 2011, which granted petitioner's application, in a proceeding pursuant to Family Ct Act article 6, for visitation with the subject children.

Petitioner is the paternal grandmother of two minor children, Aiyanna (born in 2006) and Sierra (born in 2008). Petitioner's son, respondent Kasheem C. Hill (hereinafter the father), is the biological father of Sierra but not of Aiyanna, although he acknowledged paternity of Aiyanna and consented to be her father. Respondent Nicole M. Juhase (hereinafter the mother) and the father never married, but cohabitated for a period of time and eventually separated. In March 2010, Family Court issued an order granting custody of the children to the mother and parenting time to the father as agreed to by the parties. Believing that she was not getting sufficient visitation with the children when she traveled from her home in Maryland to New

York every other month, petitioner filed a Family Court petition in May 2011 seeking visitation. At the hearing, the parties appeared pro se and the children were represented by an attorney. Prior to the hearing, the mother agreed to allow petitioner to visit the children for the day (four to six hours) every other month in Broome County where they live, initially with the father present as a transition, but opposed her request to allow her to take them to the City of Oneonta, Otsego County where petitioner has relatives, approximately one hour away.

Following the hearing, at which only petitioner and the mother testified,[1] Family Court granted the petition and directed that petitioner would have visitation the first Saturday of every month for four consecutive months beginning January 7, 2012 from 10:00 a.m. to 4:00 p.m., with the visits restricted to Broome County and the first two visits to be conducted in the presence of the father. Upon satisfactory compliance with such provisions, the court directed that subsequent visits would be the first Saturday of every other month commencing June 2, 2012 from 10:00 a.m. to 6:00 p.m. with no restriction to Broome County nor any requirement that the father be present. The court further directed that no one was to consume alcoholic beverages in the presence of the children. The mother appeals from this visitation order.[2]

The mother argues that Family Court erred in finding that petitioner had standing and awarding her visitation. We agree. Where, as here, the parents of children are alive, Domestic Relations Law § 72 gives grandparents the right to seek visitation with their grandchildren where, as a threshold matter, they can establish circumstances in which "equity would see fit to intervene," i.e., that equitable circumstances exist (Domestic Relations Law § 72 [1]; see Matter of Emanuel S. v Joseph E., 78 NY2d 178, 181 [1991]; Matter of Couse v Couse, 72 AD3d 1231, 1232 [2010]). Grandparents "must establish a sufficient existing relationship with their grandchild, or in cases where that has been frustrated by the parents, a sufficient effort to establish one, so that the court perceives it as one deserving the court's intervention" (Matter of Emanuel S. v Joseph E., 78 NY2d at 182). Grandparents must allege and establish more than "love and affection" for their grandchildren (id.; see Matter of Bassett v McGraw, 55 AD3d 980, 981 [2008]). Only when a showing of equitable circumstances has been made will the

---

1. The father was present but did not testify or participate other than indicating to Family Court his wish that the children have a relationship with both sides of their family.
2. Petitioner and the father have not appeared on this appeal.

court then determine whether visitation would be in the grandchildren's best interests (see *Matter of Emanuel S. v Joseph E.*, 78 NY2d at 181; *Matter of Couse v Couse*, 72 AD3d at 1231). While Family Court is accorded deference in determining the propriety of visitation, the court made no express credibility determinations here, and its determination must have a sound basis in the record (see *Matter of Opalka v Skinner*, 81 AD3d 1005, 1008 [2011]; *Matter of Baker v Blanchard*, 74 AD3d 1427, 1428 [2010]).

Notably, "essential" components of the standing inquiry are "the nature and extent of the grandparent-grandchild relationship" and "the nature and basis of the parent['s] objection to visitation" (*Matter of Emanuel S. v Joseph E.* 78 NY2d at 182). Family Court made no such findings here, simply stating in its oral ruling that petitioner "does appear to have a relationship with the children," without describing its "nature" or "extent" (*id.*) and did not address the basis of the mother's objections. Upon our review of the testimony, we conclude that petitioner did not establish equitable circumstances that justify according her standing to force the mother to accept visitation outside parameters within which she is comfortable as a fit and responsible parent (see *Matter of Van Nostrand v Van Nostrand*, 85 AD3d 1352, 1353 [2011], *lv denied* 17 NY3d 708 [2011]; *Matter of Fondanarosa v Grimm*, 58 AD3d 840, 841 [2009]). In so holding, we are reminded that "courts should not lightly intrude on the family relationship against a fit parent's wishes. The presumption that a fit parent's decisions are in the child's best interests is a strong one" (*Matter of E.S. v P.D.*, 8 NY3d 150, 157 [2007]; see *Troxel v Granville*, 530 US 57 [2000]).

The record before us reflects that the parents are fit and employed and they continue to cooperatively share responsibilities for caring for the children in the mother's home, assisted by the maternal grandmother. Petitioner, a day-care provider, testified that she lives in Maryland, has relatives including a sister in Oneonta, and travels to New York approximately every other month. Although her testimony was vague, it appears that she sporadically saw the children, born in 2008 and 2006, a few times per year for short visits in 2009, 2010 and 2011 on trips to New York, and one or two times when the mother or father drove to Maryland with the children and stayed overnight at petitioner's house on their way to Virginia. She has never baby-sat for them or visited alone with them, but sends or brings cards and gifts. She claimed that on her New York trips, she often did not see them or saw them for only an hour or so because they usually already had other plans, which the mother

was unwilling or unable to alter at the last minute, or the mother picked them up after a short visit with petitioner and the father. Petitioner does not get along with or communicate with the mother, and the reasons for this were not clear. Although requested by the mother, it appears that petitioner often gave little notice of visits, a few days or hours, and the record suggests that petitioner's visits to New York were focused on visits to Oneonta and were not primarily to see the children, although she did request to see them when here. Her testimony did not clarify why she did not pursue visitation with the children at her son's residence or during his parenting time.

Petitioner also claimed that she had nowhere to visit with the children in Broome County since her niece—at whose home she had occasionally visited with the children—had moved away, but conceded she had always stayed in hotels on her visits and could visit with them there; she did not testify that the cost of hotels was a hardship for her. Petitioner wished to take the children—without either parent—to Oneonta for day-long visits with her extended family, although it was not established that the children knew those relatives or that those relatives had made more than isolated efforts to come to Broome County to visit with and get to know the children. While petitioner is critical of the mother's parenting, she admittedly has had very little opportunity to observe the mother's parenting and, in our view, her criticisms were not substantial.

The mother testified, confirming that petitioner has had only periodic visits with the children each year and was often not able to see them because she failed to provide adequate advance notice. The mother opposed out-of-town[3] visitation because the children are young, ages three and five at the hearing, did not know petitioner well and were not bonded to her, and petitioner did not know their routines or needs. She also was concerned that the Oneonta family gatherings involve adult parties with alcohol consumption and the children would not be cared for and supervised by people whom they know.

As petitioner admitted, her primary reason for seeking judicial intervention is to take the children to Oneonta. We find valid "the nature and basis" of the mother's objections to compelled overnight or out-of-town visitation (*Matter of Emanuel S. v*

---

**3.** At the hearing, the attorney for the children supported visitation with petitioner, but agreed it should be limited to Broome County. The children's new attorney on appeal urges that we affirm the order allowing unrestricted visitation outside that county after a transition, without explanation. Counsel for the mother advised the Court at oral argument that the parties are presently getting along and that some visitation has occurred in Broome County.

*Joseph E.*, 78 NY2d at 182; *see Matter of Bassett v McGraw*, 55 AD3d at 981-982). Family Court made no finding regarding petitioner's nurturing skills, the children's attorney advocated against out-of-county visits and there was no evidence suggestive of the children's wishes (*see Matter of Stellone v Kelly*, 45 AD3d 1202, 1205 [2007]). We find that the "nature and extent of the existing [grandparent-grandchild] relationship" did not support the conferral of standing here (*id.* at 1204; *cf. Matter of Baker v Blanchard*, 74 AD3d at 1429; *Matter of Fondanarosa v Grimm*, 58 AD3d at 841; *Matter of Wenskoski v Wenskoski*, 266 AD2d 762, 763 [1999]; *Matter of Kenyon v Kenyon*, 251 AD2d 763, 763 [1998]). The court did not find, nor does the record establish, that the mother frustrated that relationship, and petitioner did not demonstrate sufficient efforts to establish one by doing everything she could have reasonably done to cultivate a close relationship with the children (*see Matter of Emanuel S. v Joseph E.*, 78 NY2d at 182-183; *Matter of Couse v Couse*, 72 AD3d at 1232-1233; *cf. Matter of Helen G. [James K.T.—Laverne W.]*, 96 AD3d 666, 666 [2012]). Thus, under these facts, notwithstanding her good intentions, petitioner did not meet her threshold burden of demonstrating standing, i.e., that equitable circumstances existed to warrant court intervention, and the petition should therefore be dismissed. Nonetheless, given the passage of considerable time in which some visitation has reportedly been occurring, and during which petitioner may now have a more meaningful relationship with the children, the parties are encouraged to reach an agreement to continue that relationship and to agree upon ongoing visitation, provided the mother deems it beneficial to the children.

Peters, P.J., Stein and Garry, JJ., concur. Ordered that the order is reversed, on the law and the facts, without costs, and petition dismissed.