*State of New York*
*Supreme Court, Appellate Division*
*Third Judicial Department*

Decided and Entered:  October 29, 2015                    520218
_____

In the Matter of JOHN
    ARTICOLO,
                        Appellant,
        v                                    MEMORANDUM AND ORDER

DOMENICK GRASSO et al.,
                        Respondents.
_____


Calendar Date:  September 14, 2015

Before:  Egan Jr., J.P., Rose, Devine and Clark, JJ.

                        _____


        Kriss, Kriss & Brignola, LLP, Albany (Dominick J. Brignola
of counsel), for appellant.

        Assaf & Siegal, PLLC, Albany (Michael D. Assaf of counsel),
for respondents.

        Christopher J. Obstarczyk, Latham, attorney for the child.


                        _____


Devine, J.

        Appeal from an order of the Family Court of Albany County
(Walsh, J.), entered February 14, 2014, which dismissed
petitioner's application, in a proceeding pursuant to Family Ct
Act article 6, for visitation with respondents' child.

        Petitioner is the maternal grandfather, and respondents are
the parents, of a child born in 2004.  The relationship between
the parties deteriorated and, in 2013, petitioner commenced this
proceeding seeking visitation with the child.  Following a trial,
which included a Lincoln hearing, respondents conceded "that
conditions exist[ed] which equity would see fit to intervene" and

that petitioner had standing to seek visitation (Domestic Relations Law § 72 [1]; see Matter of Rubel v Wilson, 111 AD3d 1065, 1067 [2013]).  The parties further agreed that the evidence adduced at that trial would be used to determine if visitation would be in the child's best interests.  Family Court thereafter determined that it would not be and dismissed the petition.  Petitioner now appeals.

Because it is undisputed that petitioner had standing to seek visitation, "the question . . . becomes whether such visitation is in the child's best interests" (Matter of Laudadio v Laudadio, 104 AD3d 1091, 1092 [2013]; see Matter of E.S. v P.D., 8 NY3d 150, 157 [2007]).  In making that inquiry, "neither the presumed wishes of the child nor the existence of animosity between the parent and the grandparent[] is a proper reason for denial of visitation" in isolation (Matter of Johansen v Lanphear, 95 AD2d 973, 974 [1983]; accord Matter of Stellone v Kelly, 45 AD3d 1202, 1204 [2007]; see Matter of E.S. v P.D., 8 NY3d at 157).  Rather, the best interests inquiry must assess a variety of factors, including "the nature and extent of the existing relationship between the grandparent and child, . . . the basis and reasonableness of the parent's objections, the grandparent's nurturing skills and attitude toward the parent, the [attorney for the child's] assessment and the child's wishes" (Matter of Stellone v Kelly, 45 AD3d at 1204-1205; see Matter of E.S. v P.D., 8 NY3d at 160-161; Matter of Layton v Grace, 129 AD3d 1147, 1149 [2015]).

To that end, notwithstanding a historically fraught relationship with respondent Deanna Grasso (hereinafter the mother), petitioner was permitted to and did develop a close relationship with the child.  The situation changed on Halloween in 2012, and Family Court credited the mother's account of what had transpired on that day.  Specifically, a miscommunication led petitioner and his wife to believe that they would be able to visit the child at a set time.  Petitioner stopped by to find that respondents were not home, "felt disrespected," and told the mother in no uncertain terms that he had no interest in her explanations and that she was "cut out" of his life.  Petitioner and his wife then attended one of the child's school events two weeks later, despite the request of respondents that they not do

so. They continued to behave in a confrontational fashion once there, making a scene to attract the child's attention and ignoring the directives of school officials by following the child back to his classroom, where petitioner's wife apparently became embroiled in an altercation with the child's teacher. Despite being justifiably hurt and concerned by this behavior, the mother remained willing to allow petitioner to visit with the child, provided that the visits occur at respondents' residence so that she could monitor their interactions. Petitioner rebuffed those offers and has not seen the child since, choosing instead to commence the present proceeding to compel visitation more to his liking.

It is difficult to draw any conclusion from this proof other than that petitioner is responsible for escalating a minor incident into a full-blown family crisis, totally ignoring the damaging impact his behavior would have on the child and making no effort to mitigate that impact. Petitioner acknowledged in his trial testimony that his views on the matter had not changed, and that he continued to have no interest in visiting the child at respondents' residence or otherwise respecting their wishes regarding visitation. As the attorney for the child stated in his brief, the child sadly, but perhaps inevitably, has become aware of the reasons for the prolonged absence of petitioner from his life and now wants nothing to do with petitioner. The attorneys for the child, both before Family Court and on appeal, have hewed to their client's wishes and argued that an award of visitation would not be in the child's best interests. According due deference to Family Court's assessments of credibility, we conclude that the foregoing constitutes a sound and substantial basis for its determination that visitation with petitioner would not be in the child's best interests (see Matter of Wilson v McGlinchey, 2 NY3d 375, 381-382 [2004]; Matter of Couse v Couse, 72 AD3d 1231, 1233 [2010]; compare Matter of Rubel v Wilson, 111 AD3d at 1067-1068).

Egan Jr., J.P., Rose and Clark, JJ., concur.

ORDERED that the order is affirmed, without costs.

ENTER:

Robert D. Mayberger
Clerk of the Court