# SUPREME COURT OF THE STATE OF NEW YORK
## *Appellate Division, Fourth Judicial Department*

**1365.1**
**CAF 14-02042**
PRESENT: CENTRA, J.P., PERADOTTO, CARNI, LINDLEY, AND DEJOSEPH, JJ.

---

IN THE MATTER OF PATRICIA MILLER,
PETITIONER-RESPONDENT,

                    V                                MEMORANDUM AND ORDER

SHYNEKA MCCOWN-HALL, RESPONDENT-APPELLANT.

---

DEBORAH J. SCINTA, ORCHARD PARK, FOR RESPONDENT-APPELLANT.

RONALD M. CINELLI, ATTORNEY FOR THE CHILDREN, BUFFALO.

---------------------------------------------------------------------------------------------------

Appeal from an order of the Family Court, Erie County (Paul Buchanan, J.H.O.), entered October 30, 2014 in a proceeding pursuant to Family Court Act article 6.  The order granted the petition for visitation.

It is hereby ORDERED that the order so appealed from is unanimously modified on the law by vacating that part of the second ordering paragraph directing that petitioner have visitation "each and every Thanksgiving" and inserting in place thereof a direction that petitioner have visitation "in odd years on Thanksgiving," vacating that part of the third ordering paragraph directing that petitioner have visitation "each and every Christmas Day" and inserting in place thereof a direction that petitioner have visitation "in even years on Christmas Day," inserting an ordering paragraph directing that petitioner's weekend visitation shall not apply to any part of the weekend beginning on December 25, 2015, and modifying the fourth ordering paragraph by inserting that petitioner shall not have weekend visitation in the month of July in even years and shall not have weekend visitation in the month of August in odd years, and as modified the order is affirmed without costs.

Memorandum:  In this proceeding pursuant to Family Court Act article 6, respondent mother appeals from an order that granted petitioner paternal grandmother visitation with the subject children. As an initial matter, we note that it is undisputed that the paternal grandmother has standing to seek visitation pursuant to Domestic Relations Law § 72 (1) because the children's father is deceased (*see Matter of E.S. v P.D.*, 8 NY3d 150, 157; *see generally Matter of Wilson v McGlinchey*, 2 NY3d 375, 380).  We agree with the Attorney for the Children that Family Court properly determined that visitation with the paternal grandmother is in the children's best interests (*see Matter of Varney v McKee*, 44 AD3d 1178, 1179).  We agree with the mother, however, that the court abused its discretion in awarding the

paternal grandmother excessive visitation that "deprived the mother of significant quality time with the children" (*Matter of Dubiel v Schaefer*, 108 AD3d 1093, 1095 [internal quotation marks omitted]; *see Cesario v Cesario*, 168 AD2d 911, 911).  We therefore modify the order accordingly.

Entered:  December 16, 2015                Frances E. Cafarell
                                           Clerk of the Court