*State of New York*
*Supreme Court, Appellate Division*
*Third Judicial Department*

Decided and Entered:   March 31, 2016                    519686
_____

In the Matter of DEBBIE
    VANDENBURG,
                    Appellant,
        v                                    MEMORANDUM AND ORDER

JESSICA VANDENBURG,
                    Respondent,
                    et al.,
                    Respondent.
_____

Calendar Date:   February 19, 2016

Before:   Peters, P.J., Garry, Rose, Lynch and Clark, JJ.

_____

    Tammy J. Arquette, Clifton Park, for appellant.

    Renee L. Litz-Taylor, Schenectady, for respondent.

    Lawrence Dahlke, Schenectady, attorney for the child.

_____

Clark, J.

    Appeal from an order of the Family Court of Schenectady County (Burke, J.), entered July 21, 2014, which dismissed petitioner's application, in a proceeding pursuant to Family Ct Act article 6, for an order of visitation with respondents' child.

    Petitioner is the maternal grandmother of a child born to respondents in 2011. In 2013, as a result of her "strained" relationship with respondent Jessica Vandenburg (hereinafter the mother), petitioner commenced this Family Ct Act article 6 proceeding seeking visitation with the child. Following a trial,

Family Court concluded that petitioner had established standing to seek visitation, but that visitation was not in the child's best interests and it therefore dismissed her application. Petitioner appeals.

In seeking visitation with his or her grandchild, a petitioning grandparent must first establish that he or she has standing pursuant to Domestic Relations Law § 72 (1) and, second, that visitation is in the best interests of the child (see Matter of E.S. v P.D., 8 NY3d 150, 157 [2007]; Matter of Wilson v McGlinchey, 2 NY3d 375, 380 [2004]). Where the child's parents are living, the grandparent may establish standing by demonstrating that "conditions exist which equity would see fit to intervene" (Domestic Relations Law § 72 [1]; see Matter of Wilson v McGlinchey, 2 NY3d at 380; Matter of Rubel v Wilson, 111 AD3d 1065, 1067 [2013]). The grandparent "must establish a sufficient existing relationship with [his or her] grandchild, or in cases where that has been frustrated by the parents, a sufficient effort to establish one, so that the court perceives it as one deserving the court's intervention" (Matter of Emanuel S. v Joseph E., 78 NY2d 178, 182 [1991]; accord Matter of Roberts v Roberts, 81 AD3d 1117, 1118 [2011]). If the parents have impaired the grandparent's ability to foster a relationship with the child, "the grandparent[] must demonstrate that [he or she] did everything possible under the circumstances to establish a relationship with the[] grandchild[]" (Matter of Couse v Couse, 72 AD3d 1231, 1232 [2010]; see Matter of Rubel v Wilson, 111 AD3d at 1067).

Here, although they disagreed as to the number of visits and the length of time over which the visits occurred, both petitioner and the mother testified that petitioner cared for the child during the early months of her life. Petitioner stated that, when her visits with the child ceased in early 2012, she regularly called and sent text messages to the mother asking to see the child, but that the mother rarely responded. Petitioner also asserted that she attempted to send cards to the child and that, on one occasion, she placed a card and a balloon for the child on the mother's car. Moreover, the record revealed that petitioner has repeatedly and consistently sought visitation with the child, having filed three prior petitions seeking such

relief.  Petitioner withdrew each of those prior petitions after the mother agreed to afford her visitation and, while these periods of visitation were short lived, the mother testified that she has permitted petitioner to visit with the child at least a handful of times since January 2012.  As this evidence demonstrated that petitioner developed a relationship with the child early on in her life and thereafter made repeated efforts to continue that relationship, Family Court properly determined that petitioner established her standing to seek visitation with the child (see Matter of Laudadio v Laudadio, 104 AD3d 1091, 1092-1093 [2013]; see generally Matter of Waverly v Gibson, 79 AD3d 897, 899 [2010]).

The determination of whether visitation with a grandparent is in the child's best interests requires evaluation of "a variety of factors, including 'the nature and extent of the existing relationship between the grandparent and child, . . . the basis and reasonableness of the parent's objections, the grandparent's nurturing skills and attitude toward the parent[s], the attorney for the child's assessment and the child's wishes'" (Matter of Articolo v Grasso, 132 AD3d 1193, 1194 [2015], quoting Matter of Stellone v Kelly, 45 AD3d 1202, 1204-1205 [2007]). "[C]ourts should not lightly intrude on the family relationship against a fit parent's wishes[, as t]he presumption that a fit parent's decisions are in the child's best interests is a strong one" (Matter of E.S. v P.D., 8 NY3d at 157; see Matter of Hill v Juhase, 105 AD3d 1278, 1280 [2013]).

The record clearly established a breakdown of the relationship between petitioner and the mother and that efforts to repair their relationship had been unsuccessful.  In fact, one attempt to resolve their differences nearly led to a physical altercation.  While the existence of animosity between petitioner and the mother is not, in isolation, sufficient to support denying petitioner visitation with the child (see Matter of E.S. v P.D., 8 NY3d at 157; Matter of Stellone v Kelly, 45 AD3d at 1204), several witnesses also consistently testified that petitioner had a quick temper, used foul language in the presence of her grandchildren and often directed disparaging or demeaning comments at various members of her family, including children. Considering the foregoing testimony, which was credited by Family

Court, and the attorney for the child's support for the denial of visitation to petitioner, we conclude that there is a sound and substantial basis in the record for Family Court's determination that an order of grandparent visitation, in the face of respondents' objections, was not in the child's best interests (see Matter of Articolo v Grasso, 132 AD3d at 1194-1195; Matter of Couse v Couse, 72 AD3d at 1233). Contrary to petitioner's contention, the court was not required to direct visitation simply because the mother expressed that she was not opposed to allowing petitioner limited and supervised visitation with the child on a discretionary basis (see generally Matter of Couse v Couse, 72 AD3d at 1233).

Peters, P.J., Garry, Rose and Lynch, JJ., concur.


ORDERED that the order is affirmed, without costs.




ENTER:

Robert D. Mayberger
Clerk of the Court