In the Matter of ELLEN MONROE et al., Appellants, v JEFF MONROE et al., Respondents. [62 NYS3d 592]—

Egan Jr., J. Appeal from an order of the Family Court of Saratoga County (Hall, J.), entered September 16, 2015, which, in a proceeding pursuant to Family Ct Act article 6, granted respondent Jacqueline Monroe's motion to dismiss the petition.

Respondent Jacqueline Monroe (hereinafter the mother) and respondent Jeff Monroe (hereinafter the father) are the parents of two children (born in 2013 and 2015). Petitioners (hereinafter the grandparents) are the paternal grandparents of the children. In July 2015, the grandparents commenced the instant proceeding pursuant to Family Ct Act article 6 seeking visitation with the children. Thereafter, the mother orally moved to dismiss the grandparents' petition on the ground that they lacked standing to seek visitation, which motion was supported by the attorney for the children.* The grandparents opposed the motion and, following written submissions by the parties, Family Court granted the mother's motion without a hearing. The grandparents now appeal and we reverse.

As relevant here, when the parents of the subject children are alive, a grandparent may acquire standing to seek visitation of the children by demonstrating that "conditions exist which equity would see fit to intervene" (Domestic Relations Law § 72 [1]; *see Matter of E.S. v P.D.*, 8 NY3d 150, 156 [2007]; *Matter of Wilson v McGlinchey*, 2 NY3d 375, 380 [2004]; *Matter of Vandenburg v Vandenburg*, 137 AD3d 1498, 1498 [2016]). The grandparents "must establish a sufficient existing relationship with their grandchild[ren], or in cases where [such a

_____

* Notably, the father is seeking custody and/or visitation with the children in a related proceeding not at issue here. The father took no position on the grandparents' petition for visitation.

relationship] has been frustrated . . . , a sufficient effort to establish one, so that the court perceives it as one deserving the court's intervention" (*Matter of Emanuel S. v Joseph E.*, 78 NY2d 178, 182 [1991]; *accord Matter of Rubel v Wilson*, 111 AD3d 1065, 1067 [2013]). The sufficiency of the grandparents' efforts in this regard "must always be measured against what they could reasonably have done under the circumstances" (*Matter of Emanuel S. v Joseph E.*, 78 NY2d at 183; *Matter of Vandenburg v Vandenburg*, 137 AD3d at 1498-1499; *Matter of Couse v Couse*, 72 AD3d 1231, 1232 [2010]).

Here, the grandparents acknowledge that they do not have a close relationship with either grandchild; however, they aver that the mother has willfully and deliberately denied them any access to the children—without any reasonable cause for doing so—since their respective births. Notably, no hearing was conducted by Family Court to develop the record in this regard. In support of their petition, the grandparents submitted a notarized letter. With regard to the oldest child, the grandparents aver that they were able to hold the child at the hospital on the day she was born. They aver that, since such time, they have not been allowed to have contact with the child and acknowledge that they have only seen the child four additional times—one of which was the result of them showing up unannounced to the parents' residence and, on another occasion, to the child's first birthday party. With regard to the youngest child, the grandparents aver that they went to the hospital on the day of the child's birth; however, after only briefly holding the child, the mother informed them that they were not welcome and security was called to escort them out of the hospital. They have not been able to see the child since. Two months later, the grandparents filed the instant petition seeking visitation.

On the sparse record before us, we find that the proof adduced in support of the grandparents' petition to be sufficient to confer standing to seek visitation with their grandchildren (*see Matter of Vandenburg v Vandenburg*, 137 AD3d at 1499; *Matter of Laudadio v Laudadio*, 104 AD3d 1091, 1093 [2013]). Significantly, the circumstances indicate that the mother has made deliberate and immediate efforts to preclude the grandparents from having and/or developing any significant relationship with the subject children—since the very day they were born—without any stated reasonable justification for doing so (*see Matter of Emanuel S. v Joseph E.*, 78 NY2d at 183). Further, given the young ages of the children and the brief amount of time that has elapsed between their respective

births and the disruption of the grandparents' visitation, equity dictates that we not allow the lack of an established relationship be used as a pretext to prevent the grandparents from otherwise exercising their right to seek visitation (*see* Domestic Relations Law § 72 [1]; *Matter of Kenyon v Kenyon*, 251 AD2d 763, 764 [1998]), particularly where, as here, their efforts, to date, have proved futile. We further note that, on appeal, the father does not oppose the relief sought by the grandparents. Accordingly, given these factual circumstances, the mother's motion is denied and the matter remitted to Family Court to conduct a hearing as to whether visitation by the grandparents is in the best interests of the children.

Garry, J.P., Lynch, Aarons and Pritzker, JJ., concur. Ordered that the order is reversed, on the law, without costs, motion denied and matter remitted to the Family Court of Saratoga County to permit respondents to serve an answer within 20 days of the date of this decision and for further proceedings not inconsistent with this Court's decision.