Matter of Ferguson v Weaver (2018 NY Slip Op 07005)





Matter of Ferguson v Weaver


2018 NY Slip Op 07005


Decided on October 18, 2018


Appellate Division, Third Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered: October 18, 2018


[*1]In the Matter of WILLIS FERGUSON et al., Appellants,
v
KIMBERLY WEAVER et al., Respondents, et al., Respondent.

Calendar Date: September 7, 2018

Before: Garry, P.J., McCarthy, Egan Jr., Lynch and Devine, JJ.


Law Office of Elena Tastensen, PLLC, Saratoga Springs (Elena Jaffe Tastensen of counsel), for appellants.
Nancy E. Bunting, Ballston Spa, for Kimberly Weaver, respondent.
Shawn Keith Srokowksi, Greenfield Center, respondent
pro se.
Heather Corey-Mongue, Ballston Spa, attorney for the child.



MEMORANDUM AND ORDER
Lynch, J.
Appeal from an order of the Family Court of Saratoga County (Hall, J.), entered July 27, 2016, which, in a proceeding pursuant to Family Ct Act article 6, granted respondent Kimberly Weaver's motion to dismiss the amended petition.
Petitioners are the maternal grandparents of a child born in 2010 to respondent Hope Ferguson (hereinafter the mother) and respondent Shawn Srokowski (hereinafter the father). At the conclusion of a fact-finding hearing held in February 2016, Family Court awarded sole legal and primary physical custody of the child to respondent Kimberly Weaver, the child's paternal grandmother. The mother was awarded two hours of parenting time each week. In March 2016, petitioners commenced this proceeding seeking an award of visitation. At an initial appearance, Weaver moved to dismiss the petition and the court adjourned the matter to allow petitioners an opportunity to retain counsel. Just prior to the next appearance, petitioners filed an amended petition. After hearing oral argument but without a fact-finding hearing, Family Court granted Weaver's motion to dismiss the amended petition. The court determined that petitioners had standing to request visitation, but that visitation would not be in the child's best interests. Petitioners now appeal.
A grandparent may establish a statutory right to visitation where "circumstances show that conditions exist which equity would see fit to intervene" (Domestic Relations Law § 72 [1]). To determine whether visitation is appropriate, a court must first decide whether the grandparent [*2]has standing to seek visitation before deciding whether visitation is in the child's best interests (see Matter of Emanuel S. v Joseph E., 78 NY2d 178, 181 [1991]; Matter of Wendy KK. v Jennifer KK., 160 AD3d 1059, 1060 [2018]). Standing is established where the grandparent demonstrates that there is "a sufficient existing relationship with the[] grandchild . . . [or] a sufficient effort to establish one, so that the court perceives it as one deserving the court's intervention" (Matter of Emanuel S. v Joseph E., 78 NY2d at 182; see Matter of Wendy KK. v Jennifer KK., 160 AD3d at 1060; Matter of Monroe v Monroe, 154 AD3d 1110, 1110-1111 [2017]). The sufficiency of the grandparent's efforts in this regard "must always be measured against what [he or she] could reasonably have done under the circumstances" (Matter of Emanuel S. v Joseph E., 78 NY2d at 183). If standing is established, the court's best interests determination "requires evaluation of a variety of factors, including the nature and extent of the existing relationship between the grandparent and child, the basis and reasonableness of the parent's objections, the grandparent's nurturing skills and attitude toward the parent[], the attorney for the child's assessment and the child's wishes" (Matter of Vandenburg v Vandenburg, 137 AD3d 1498, 1499 [2016] [internal quotation marks, brackets, ellipses and citations omitted]).
Both Weaver and the father maintain that petitioners did not have standing to seek visitation and that the child's best interests would not be served by such visitation. In support of this argument, they relied on evidence that had been presented in the prior proceeding wherein Weaver sought and was awarded sole legal and primary physical custody of the child (see Domestic Relations Law § 72 [2]). Further, Weaver contends that petitioners can visit the child during the mother's parenting time, a sentiment echoed by the attorney for the child. For the following reasons, we reject these arguments.
Initially, that petitioners may join the mother during her weekly parenting time is a relevant consideration but not dispositive of petitioners' visitation request (see Matter of Emanuel S. v Joseph E., 78 NY2d at 182). Further, although petitioner Willis Ferguson, the maternal grandfather, testified in the prior custody proceeding, petitioners were not parties to that proceeding which, importantly, did not address the issue of whether they should be awarded visitation. In determining that petitioners had standing to seek visitation but that visitation would not be in the child's best interests, Family Court also relied on information from prior proceedings involving petitioners and their son. Because these prior proceedings are not part of this record, we have no ability to assess whether the court's determination to dismiss the amended petition was supported by a sound and substantial basis (see Matter of Romasz v Coombs, 150 AD3d 1495, 1497 [2017]; Matter of Newton v Simons, 52 AD3d 895, 896 [2008]). In our view, the record presents a factual dispute between the parties as to the nature of the relationship between petitioners and the child such that an evidentiary hearing is necessary to resolve both whether petitioners have standing and, if so, whether the child's best interests would be served if they were awarded visitation (see Matter of Feldman v Torres, 117 AD3d 1048, 1048-1049 [2014]; Matter of Flores v DeAbreu, 32 AD3d 1025, 1026 [2006]; compare Matter of Istat B. v Administration for Children's Servs., 158 AD3d 795, 797 [2018]).
Garry, P.J., McCarthy, Egan Jr. and Devine, JJ., concur.
ORDERED that the order is reversed, on the law, without costs, motion to dismiss the amended petition denied, and matter remitted to the Family Court of Saratoga County for further proceedings not inconsistent with this Court's decision.