Matter of Carol E. v Robert E. (2020 NY Slip Op 02958)





Matter of Carol E. v Robert E.


2020 NY Slip Op 02958


Decided on May 21, 2020


Appellate Division, Third Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered: May 21, 2020

528216

[*1]In the Matter of Carol E., Respondent,
v
Robert E. et al., Appellants.

Calendar Date: March 27, 2020

Before: Garry, P.J., Egan Jr., Lynch, Mulvey and Reynolds Fitzgerald, JJ.


Stephen L. Molinsek, LLC, Delmar (Stephen L. Molinsek of counsel), for appellants.
Carol E., Altamont, respondent pro se.
Sandra M. Colatosti, Albany, attorney for the child.



Lynch, J.
Appeal from an order of the Family Court of Rensselaer County (Kehn, J.), entered January 9, 2019, which granted petitioner's application, in a proceeding pursuant to Family Ct Act article 6, for visitation with respondents' child.
Petitioner (hereinafter the grandmother) is the paternal grandmother of a child born in 2014 to respondent Robert E. (hereinafter the father) and respondent Tracy U. (hereinafter the mother). The grandmother voluntarily provided child care at respondents' home two days a week once the mother returned to work as a teacher. From April 2014 through the end of the school year and again from September 2014 through June 2015, the grandmother babysat the child. At that point, the mother dismissed the grandmother as the child's babysitter. Throughout this period, the parties' relationship became more and more strained due to the grandmother's unwillingness to comply with respondents' detailed requirements for taking care of the child. Thereafter, the mother effectively stopped communicating with the grandmother. Despite the grandmother's attempts at reconciliation, the estrangement continued. After an extended family gathering during Christmas 2015, which the mother did not attend, the grandmother was not allowed to see the child. Again, in September 2017, during a brief, chance encounter at an apple festival, the mother rejected the grandmother's request to speak with the child. The grandmother acknowledged that, by that point, the child no longer recognized her. Thereafter, in May 2018, the grandmother commenced this Family Ct Act article 6 proceeding, seeking visitation with the child. Following a trial, Family Court concluded that the grandmother had established standing to seek visitation, and that visitation was in the child's best interests. Respondents appeal.
We affirm. Where, as here, both parents are involved, a grandparent may be awarded visitation where "circumstances show that conditions exist which equity would see fit to intervene" (Domestic Relations Law § 72 [1]; see Matter of Emmanuel S. v Joseph E., 78 NY2d 178, 181 [1991]). A petitioning grandparent must establish standing to seek visitation and that visitation would be in the child's best interests (see Matter of Vandenberg v Vandenberg, 137 AD3d 1498, 1498 [2016]). Standing requires a grandparent to "establish a sufficient existing relationship with [his or her] grandchild, or in cases where that has been frustrated by the parents, a sufficient effort to establish one, so that the court perceives it as one deserving the court's intervention" (Matter of Emmanuel S. v Joseph E., 78 NY2d at 182). Where, as here, the parents have precluded a relationship, the grandparent's efforts to establish one "must
. . . be measured against what [he or she] could reasonably have done under the circumstances" (id. at 183).
With respect to the issue of standing, there is no real dispute that the grandmother established a strong bond with the child during the extended period in which she provided child care. By the time she filed the petition, however, she had not been allowed contact with the child for almost three years. As Family Court determined, the grandmother endeavored to achieve a reconciliation throughout this period — but to no avail — and the record provides a solid basis for that assessment.
In gauging best interests, courts may consider a number of factors, "includ[ing] the nature and quality of the relationship between the grandparent and the child[], the grandparent's ability to nurture the child[], his or her attitude toward the custodial parent[s], reasons for any objections to visitation and the child[]'s preference" (Matter of Judith DD. v Ahava DD., 172 AD3d 1488, 1488-1489 [2019]; see Matter of Vandenburg v Vandenburg, 137 AD3d at 1499). In doing so, "[c]ourts should not lightly intrude on the family relationship against . . . fit parent[s'] wishes, as the presumption that . . . fit parent[s'] decisions are in the child's best interests is a strong one" (Matter of Judith DD. v Ahava DD., 172 AD3d at 1489 [internal quotation marks and citations omitted]). Applying this standard, we conclude that the record provides a sound and substantial basis for Family Court's determination that it was in the child's best interests to grant the grandmother visitation rights (see Matter of Susan II. v Laura JJ., 176 AD3d 1325, 1328-1329 [2019], lv denied 34 NY3d 909 [2020]). Although the record reveals a significant difference of opinion as between the grandmother and the mother concerning child care, Family Court found nothing to suggest that the grandmother in any way neglected the child's needs. To the contrary, it is more than evident that the grandmother loves the child and provided appropriate care, even though she declined to fill out the detailed, daily activity reports required by respondents. Notably, the attorney for the child on this appeal supports grant of visitation to the grandmother (see Matter of Vandenburg v Vandenburg, 137 AD3d at 1999). On this record, we conclude that Family Court properly determined that the grandmother is entitled to exercise visitation with the child.
Garry, P.J., Egan Jr., Mulvey and Reynolds Fitzgerald, JJ., concur.
ORDERED that the order is affirmed, without costs.