◼ In the Matter of PHILIP AGUSTA, Appellant, v ROSEMARIE CAROUSSO et al., Respondents. (Proceeding No. 1.) In the Matter of PHILIP AGUSTA, Appellant, v TERESA FRIES et al., Respondents. (Proceeding No. 2.) [617 NYS2d 189] —In two proceedings pursuant to Family Court Act article 6 and Domestic Relations Law § 72, which were consolidated for trial, the petitioner appeals from an order of the Family Court, Queens County (De Phillips, J.), dated January 29, 1993, which, after a hearing, dismissed the petitions by which the petitioner sought visitation with his grandchildren.

Ordered that the order is reversed, on the law, with costs, and the matters are remitted to the Family Court, before a different Judge, for a determination as to whether awarding the petitioner visitation rights would be in the best interests of the grandchildren.

The petitioner's efforts to visit with his grandchildren have been frustrated by his daughters, the respondents herein, and he has therefore commenced the instant proceedings under Domestic Relations Law § 72 seeking visitation rights. At a hearing on the issue of standing, it was evinced that from the

time he learned of the birth of his grandchildren, the petitioner made a concerted effort to establish contact with them. Specifically, the petitioner unavailingly wrote letters, sent gifts, made telephone calls, visited the home of one daughter, and enlisted the assistance of third-party intermediaries. Nevertheless, the Family Court found that the petitioner was without standing to bring the petition, stressing the lack of an existing grandparent-grandchild relationship. We find that in rendering this determination the Family Court has erred.

In developing the mode of analysis to be undertaken by a court considering a grandparent's petition for visitation, the Court of Appeals stated that in addition to the nature and basis of the parents' objection to visitation, "an essential part of the inquiry is the nature and extent of the grandparent-grandchild relationship" *(Matter of Emanuel S. v Joseph E.,* 78 NY2d 178, 182). In cases where such a relationship has been frustrated by the parents, the court continued, the grandparent must establish "a sufficient effort to establish one, so that the court perceives it as one deserving the court's intervention" *(Matter of Emanuel S. v Joseph E., supra,* at 182). In ascertaining whether the effort of a grandparent is "sufficient", the court stressed that "what is required of grandparents must always be measured against what they could reasonably have done under the circumstances" *(Matter of Emanuel S. v Joseph E., supra,* at 183).

Here, the record clearly evinces that under the circumstances the petitioner did all he could reasonably have done in the face of the respondents' adamant refusal to permit him to visit his grandchildren. Moreover, it is apparent that the petitioner's efforts were not the product of contrivance, as they were initiated immediately upon learning of the birth of his grandchildren *(cf., Matter of Seymour S. v Glen S.,* 189 AD2d 765). Yet in undertaking its inquiry, the Family Court stressed only the fact that a grandparent-grandchild relationship did not exist and did not consider that the petitioner's efforts to establish one militates in his favor. In light of the clear language in *Matter of Emanuel S. (supra),* the court erred in weighing this "essential" factor against the petitioner and thereby finding him to be undeserving of the court's intervention. Therefore, since the record is replete with credible evidence that the petitioner made an immediate and concerted effort to establish a relationship with his grandchildren, the Family Court improvidently exercised its discretion in concluding that the petitioner was without standing to seek visitation *(cf., Matter of Seymour S. v Glen S., supra).* Accord-

ingly, the matter is remitted to the Family Court for a hearing on the issue of whether awarding the petitioner visitation rights would be in the best interests of the grandchildren *(see, Matter of Emanuel S. v Joseph E., supra)*. Lawrence, J. P., Pizzuto, Friedmann and Krausman, JJ., concur.