[632 NYS2d 270]

In the Matter of ROBERT F. COULTER et al., Appellants, v CARL E. BARBER et al., Respondents.

Third Department, October 12, 1995

### APPEARANCES OF COUNSEL

*Coulter, Fraser, Bolton, Bird & Ventre,* Syracuse *(Robert D. Ventre* of counsel), for appellants.

*Riehlman, Shafer & Shafer,* Cortland *(Julie A. Campbell* of counsel), for respondents.

*Ruthig & Leonard,* Cortland *(Mary E. Leonard* of counsel), *Law Guardian,* for Merle Barber and others.

### OPINION OF THE COURT

CASEY, J.

Petitioners commenced this proceeding to obtain visitation with their grandchildren. The grandchildren reside with their biological parents, respondent Nancy Barber, who is petitioners' daughter, and respondent Carl E. Barber. Prior to August 1988, petitioners enjoyed regular visitation with the grandchildren. Thereafter, the relationship between petitioners and respondents deteriorated and since December 1991, respondents have refused to permit any visitation or contact between petitioners and the grandchildren.

Inasmuch as the grandchildren, with whom petitioners seek visitation, reside with fit parents in an intact nuclear family, petitioners bear the burden of establishing standing under Domestic Relations Law § 72 by showing that conditions exist under which equity would see fit to intervene *(see, Matter of Emanuel S. v Joseph E.,* 78 NY2d 178, 182). The question of the best interests of the grandchildren arises only if petitioners first meet their burden on the standing issue *(supra,* at 181), and "[s]tanding should be conferred by the court, in its discretion, only after it has examined all the relevant facts" *(supra,* at 182). Family Court held a hearing at which the parties and other witnesses testified and the grandchildren were interviewed. After reviewing all of the relevant facts, Family Court found that the conditions were not such that equity would see fit to intervene.

On appeal, petitioners rely upon judicial recognition of the

benefits which can devolve upon grandchildren as a result of a relationship with their grandparents *(see, e.g., Matter of Ehrlich v Ressner,* 55 AD2d 953). According to petitioners, the evidence in the record establishes the existence of a relationship with their grandchildren prior to August 1988, which they attempted to maintain thereafter and, therefore, petitioners claim they should be accorded standing to seek visitation with their grandchildren. The nature and extent of the grandparent-grandchild relationship is an essential part of the inquiry, as is the nature and the basis of the parents' objection to visitation *(see, Matter of Emanuel S. v Joseph E., supra,* at 182).

In contrast to the idyllic portrayal of family gatherings presented by petitioners' evidence, respondents testified that the gatherings were always subject to an undercurrent of stress, tension and uncertainty caused by petitioner Robert F. Coulter's efforts to exert control, often by directing criticism and demeaning comments to family members, including respondents and the grandchildren. Carl Barber objected to his father-in-law's conduct, particularly when it was directed at the grandchildren or respondents' parenting skills. According to respondents, they discussed the problem with petitioners, but petitioners refused to accept any responsibility for the family discord. As a result, respondents decided that it was in their best interest and their children's best interest to sever all contact with petitioners.

At the hearing, petitioners denied that much of the conduct about which respondents complained had occurred. Instead, they placed the blame entirely on Carl Barber, whom they described as loud and domineering. Family Court resolved the credibility issues created by the conflicting testimony in favor of respondents, and the record provides no basis for this Court to disturb that determination. The record establishes that after considerable emotional turmoil, respondents jointly decided on a course of action which prohibited any further contact between petitioners and the grandchildren. As fit parents, respondents have the right to choose with whom their children should associate *(see, Matter of Alison D. v Virginia M.,* 77 NY2d 651). We agree with Family Court that in the facts and circumstances of this case, Domestic Relations Law § 72 does not give petitioners the right to interfere with that choice. The record establishes that respondents acted reasonably on the basis of legitimate concerns for the welfare of their family.

Petitioners maintain that the existence of a relationship with their grandchildren prior to August 1988 and their efforts to maintain that relationship thereafter cannot be ignored. As noted by Family Court, however, the interviews with the grandchildren revealed a superficial relationship at best, particularly when contrasted with the relationship the grandchildren described as having with their paternal grandparents. "[W]hat is required of grandparents must always be measured against what they could reasonably have done under the circumstances" *(Matter of Emanuel S. v Joseph E., supra,* at 183). It is clear that petitioners refused to accept any responsibility for the deterioration of the parties' relationship, and the evidence establishes that Robert Coulter made no effort to refrain from the criticism and demeaning comments which created the family turmoil. Accordingly, petitioners could reasonably have done more in the circumstances.

We note that Family Court went beyond the standing issue and concluded that even if petitioners had standing under Domestic Relations Law § 72, visitation would not be in the children's best interest. The record also supports this finding.

■ With regard to the award of counsel fees in respondents' favor, there is no authority in Domestic Relations Law § 72, or elsewhere, for an award of counsel fees in a proceeding of this nature *(see, Matter of Pfohl v Marabella,* 195 AD2d 1058).

Cardona, P. J., White, Peters and Spain, JJ., concur.

Ordered that the order is modified, on the law, without costs, by reversing so much thereof as directed petitioners to pay counsel fees, and, as so modified, affirmed.