In the Matter of JOSEPH LUMA et al., Appellants, v KATHY KAWALCHUK et al., Respondents. [658 NYS2d 744] —White, J. Appeal from an order of the Family Court of Ulster County (Work, J.), entered January 26, 1996, which dismissed petitioners' application, in a proceeding pursuant to Domestic Relations Law § 72, for visitation with their grandchildren.

Petitioners, the maternal grandparents of respondents' two children, born in 1988 and 1989, commenced this proceeding, pursuant to Domestic Relations Law § 72, seeking visitation rights with their grandchildren. Following a hearing, Family Court dismissed their petition on the ground that they lacked standing. Petitioners appeal.

Where, as here, the biological parents are alive, the hearing court must first determine whether equitable circumstances exist which provide the grandparents with standing and, if such circumstances exist, whether visitation would be in the grandchild's best interest (see, Matter of Emanuel S. v Joseph E., 78 NY2d 178, 181; Matter of Rita VV., 209 AD2d 866, 869, lv denied 85 NY2d 811). While these inquiries are seemingly discrete, they are intertwined since the factors that are relevant in determining standing are also germane to the issue of best interest (see, Scheinkman, 1992 Supp Practice Commentaries, McKinney's Cons Laws of NY, Book 14, Domestic Relations Law C:72:1, 1997 Pocket Part, at 72). Consequently, contrary to petitioners' contention, there are no compelling reasons to bifurcate the hearing; thus they should have been fully prepared at the initial hearing and cannot now claim they were denied a full and fair opportunity to litigate this matter by reason of their unpreparedness. Further, there is nothing in the record to indicate that Family Court abused its discretion in denying petitioners an adjournment.

The undisputed fact underlying this proceeding is that, while petitioners had a relationship with their grandchildren until the fall of 1993, respondents have not allowed them to visit with them since. To establish standing under such circumstances the grandparents must show that they made a sufficient effort to establish a relationship with the grandchildren, which effort is measured against what they could reasonably have done under the circumstances (see, Matter of Agusta v Carousso, 208 AD2d 620, 621, lv dismissed 85 NY2d 857). The court must also take into account the nature and basis for the parents' objection to visitation (see, Matter of Emanuel S. v Joseph E., supra, at 182).

In its decision Family Court dwelt on respondents' reasons for terminating petitioners' visitation and did not discuss

whether petitioners attempted to maintain their relationship with their grandchildren. Because our authority is as broad as that of Family Court (*see, Matter of Rohan v Rohan*, 213 AD2d 804), we are not precluded from examining this latter issue. The record shows that after their visitation rights were terminated, petitioners did not send any greeting cards to the children nor did they send them any presents. It also appears that, while petitioners were free to visit with the children at respondents' home, they did not avail themselves of this opportunity nor is there any evidence that they attempted to call the children. On the basis of these findings, we conclude that petitioners did not make a sufficient effort to maintain a relationship with their grandchildren. In addition, we concur with Family Court's finding that respondents had a legitimate reason for terminating visitation in light of the credible evidence showing that petitioner Joseph Luma is a domineering person, prone to threatening and emotional outbursts, who had abused his wife, children and had struck respondents' son. Considering these findings, we concur with Family Court that petitioners lacked standing due to their failure to establish circumstances calling for the aid of equity on their behalf (*see, Matter of Coulter v Barber*, 214 AD2d 195; *Matter of Seymour S. v Glen S.*, 189 AD2d 765; *compare, Matter of Agusta v Carousso, supra*).

Lastly, petitioners claim that their attorney should have been disqualified because he formerly represented one of respondents' witnesses is not properly before us since they did not seek this relief before Family Court (*see, Matter of Alcott Staff Leasing v New York Compensation Ins. Rating Bd.*, 224 AD2d 54, 58). In any event, disqualification was not required since the former and current representations were not adverse and were not related (*see, Solow v Grace & Co.*, 83 NY2d 303, 308).

Casey, Spain and Carpinello, JJ., concur; Cardona, P. J., not taking part. Ordered that the order is affirmed, without costs.