■ In the Matter of DEBORAH P., Appellant, v KIMBERLY B., Respondent. [807 NYS2d 501]—

Appeal from an order of the Family Court, Erie County (Paul G. Buchanan, J.), dated September 8, 2004 in a proceeding pursuant to Family Court Act article 6. The order granted respondent's motion and dismissed the petition seeking visitation.

It is hereby ordered that the order so appealed from be and the same hereby is unanimously affirmed without costs.

Memorandum: Petitioner appeals from an order of Family Court that granted respondent's motion and dismissed without a hearing the petition wherein petitioner sought visitation with her granddaughter pursuant to Domestic Relations Law § 72. Petitioner is respondent's mother, and respondent is the mother of the child at issue herein. We conclude that the court did not err in dismissing the petition without conducting a hearing.

In support of her motion, respondent submitted an affidavit alleging that petitioner had abused respondent and respondent's sister. As a result of a reconciliation between petitioner and respondent during respondent's pregnancy with the child, respondent allowed petitioner to have contact with the child for approximately seven months after her birth. In January 2003, however, respondent terminated all contact with petitioner after petitioner continued to refuse to seek professional mental health treatment. Petitioner commenced this proceeding approximately one year later. According to respondent, petitioner's only contact with respondent's family from January 2003 until the commencement of this proceeding was a series of telephone messages in which petitioner threatened to seek an order permitting visitation with the child. Also in support of her motion, respondent submitted an affidavit from her husband and an unsworn letter from her sister, both corroborating respondent's allegations.

In opposition to the motion, petitioner submitted an affidavit refuting the underlying allegations of abuse and the basis for respondent's termination of contact. Petitioner conceded, however, that she had no contact with the child since January 2003, and she failed to allege that she made any attempts to contact the child after that time. Although petitioner stated in a conclusory manner that she is "an important part of [her] granddaughter's life," she provided no factual support for that statement.

Pursuant to Domestic Relations Law § 72 (1), grandparents have standing to seek visitation with grandchildren "[w]here either or both of the parents . . . is or are deceased, or where circumstances show that conditions exist [in] which equity would

see fit to intervene." Because both of the child's parents are alive, petitioner has standing only if she can establish that conditions exist in which equity would see fit to intervene therein. Under that prong of the statute, factors to consider are the "nature and basis of the parents' objection to visitation" and the "nature and extent of the grandparent-grandchild relationship" (*Matter of Emanuel S. v Joseph E.*, 78 NY2d 178, 182 [1991]; *see Matter of Morgan v Grzesik*, 287 AD2d 150, 154 [2001]). "It is not sufficient that the grandparents allege love and affection for their grandchildren. They must establish a sufficient existing relationship with their grandchild, or in cases where that has been frustrated by the parents, a sufficient effort to establish one, so that the court perceives it as one deserving the court's intervention" (*Emanuel S.*, 78 NY2d at 182-183).

Here, petitioner failed to establish either an existing relationship or an attempt to establish such a relationship. We therefore conclude that the court properly determined that petitioner lacks standing "due to [her] failure to establish circumstances calling for the aid of equity on [her] behalf" (*Matter of Luma v Kawalchuk*, 240 AD2d 896, 897 [1997]). Present—Scudder, J.P., Kehoe, Martoche, Smith and Pine, JJ.