■ In the Matter of SYLVIA WAVERLY, Appellant, v AZALEE GIBSON et al., Respondents. [912 NYS2d 681]—

In a proceeding pursuant to Domestic Relations Law § 72 for grandparent visitation, the maternal grandmother appeals from an order of the Family Court, Kings County (Gruebel, Ct. Atty. Ref.), dated June 30, 2009, which, after a hearing, dismissed the petition for lack of standing.

Ordered that the order is reversed, on the law, with costs, and the matter is remitted to the Family Court, Kings County, for a hearing to determine whether an award of visitation rights to the maternal grandmother would be in the best interests of the grandchildren.

The subject children, Shaquill and Shanyia, lived with the petitioner, their maternal grandmother, intermittently for the first 2¼ years and 1¼ years of their lives, respectively. After the Administration for Children's Services filed a petition in a separate matter alleging neglect against the children's mother in August 2001, the children were placed with the petitioner on March 1, 2002. However, on March 6 or 8, 2002, the children, who were then 2¼ years old and 1¼ years old, respectively, were removed from the petitioner's custody due to the condition of the petitioner's home. On December 2, 2002, the children were placed with their paternal grandmother, Azalee Gibson (hereinafter the respondent), who was subsequently designated the children's foster parent and adoptive resource, and they have resided with her since that time.

The petitioner testified that, after the children were removed from her home, she usually visited them approximately once or twice per week until the mother's parental rights were terminated pursuant to an order of the Family Court dated June 9, 2006 (*see Matter of Shaquill Dywon M.*, 50 AD3d 1142 [2008]). While a finding of fact made by the Family Court during the proceeding to terminate the mother's parental rights suggests that the petitioner only accompanied the mother to nine of the mother's scheduled agency visitations with the children, the record reveals that the petitioner had several other visits with the children. The petitioner further testified that she contacted the respondent directly several times to request visitation, but the respondent refused her request.

The petitioner filed the instant petition on May 7, 2007, seeking grandparent visitation rights. Following a bifurcated hearing, the Family Court determined that the petitioner lacked standing, and dismissed the petition. The petitioner appeals, and we reverse.

In considering whether a grandparent has standing to petition for visitation rights based upon "circumstances show[ing]

that conditions exist which equity would see fit to intervene" (Domestic Relations Law § 72), "an essential part of the inquiry is the nature and extent of the grandparent-grandchild relationship" (*Matter of Emanuel S. v Joseph E.*, 78 NY2d 178, 182 [1991]; *see Matter of Agusta v Carousso*, 208 AD2d 620 [1994]). In cases where such a relationship has been frustrated by the parent, the grandparent must make "a sufficient effort to establish one, so that the court perceives it as one deserving the court's intervention" (*Matter of Emanuel S. v Joseph E.*, 78 NY2d at 182; *see Matter of Agusta v Carousso*, 208 AD2d at 620). In ascertaining the sufficiency of the grandparent's efforts, "what is required of grandparents must always be measured against what they could reasonably have done under the circumstances" (*Matter of Emanuel S. v Joseph E.*, 78 NY2d at 183; *see Matter of Agusta v Carousso*, 208 AD2d at 620). In addition to these considerations, "the nature and basis of the parents' objection to visitation are among the several circumstances which should be considered by courts deciding the standing question" (*Matter of Emanuel S. v Joseph E.*, 78 NY2d at 182).

Here, where it is another grandparent who allegedly frustrated the petitioner's relationship with the grandchildren, the petitioner established that, in addition to the bond she formed with the subject children when they lived with her during the first years of their lives, she also made a sustained and concerted effort to maintain contact with them, which was sufficient to confer standing to seek grandparent visitation. Moreover, the record is devoid of any indication as to "the nature and basis of the [respondent's] objection to visitation" (*id.*).

Therefore, the Family Court improvidently exercised its discretion in concluding that the petitioner was without standing to seek visitation. Accordingly, the matter must be remitted to the Family Court, Kings County, for a hearing on the issue of whether an award of grandparent visitation to the petitioner would be in the best interests of the grandchildren (*see Matter of Emanuel S. v Joseph E.*, 78 NY2d at 178). Mastro, J.P., Balkin, Eng and Hall, JJ., concur.