In the Matter of LORI S. VAN NOSTRAND, Appellant, v KAYLEE VAN NOSTRAND, Respondent, and DAVID ROY CONDON, Respondent. [925 NYS2d 229]—

Rose, J. Appeal from an order of the Family Court of Schenectady County (James, J.H.O.), entered July 2, 2010, which dismissed petitioner's application, in a proceeding pursuant to Family Ct Act article 6, for visitation with respondents' child.

Respondents are the unmarried parents of a son (born in 2006). Although they do not live together, they share custodial responsibilities for the child. Petitioner, the maternal grandmother, commenced this proceeding seeking visitation after respondent Kaylee Van Nostrand (hereinafter the mother), upon learning of petitioner's most recent use of illegal drugs, refused to allow her to have any contact with the child. Respondents opposed the petition and, after a hearing on the issue of standing, Family Court dismissed it, finding that, while there had been some contact between petitioner and the child in the past, the frequency could not be reliably determined and respondents' opposition to visitation was justified. On appeal, petitioner contends that Family Court determined standing under an incorrect "extraordinary circumstances" standard and, although the court found that the credibility of all witnesses was suspect on the issue of the frequency of petitioner's contact with the child, the mother's concessions regarding those contacts provided credible evidence of a sufficient relationship to allow standing.

Petitioner has standing to seek visitation here if she establishes that "conditions exist which equity would see fit to intervene" (Domestic Relations Law § 72 [1]; *see Matter of Roberts v Roberts*, 81 AD3d 1117, 1118 [2011]). Relevant considerations in making a standing determination include the nature and extent of the grandparent-grandchild relationship, as well as the nature and basis of the parents' objection to visita-

tion (see Matter of Emanuel S. v Joseph E., 78 NY2d 178, 182 [1991]; Matter of Kenyon v Kenyon, 251 AD2d 763, 763 [1998]). While we agree that Family Court applied an incorrect standard, it considered the relevant factors and, as our authority is as broad as Family Court's, we may reach a determination upon our examination of the facts and application of the correct legal standard (see Matter of Luma v Kawalchuk, 240 AD2d 896, 897 [1997]; Matter of Satori R., 202 AD2d 432, 433 [1994]).

Our review of the mother's concessions reveals that petitioner had some contact with the child, but it was not regular or consistent. As for the nature and basis of respondents' objections, the mother's testimony is unrefuted that petitioner engaged in threatening and violent behavior toward her and her brother, and long-term drug abuse. Further, Family Court credited the mother's testimony that she had recently discovered petitioner again using crack cocaine, and we agree with the court's finding that the mother's decision to withhold contact with the child was justified. In light of the periodic nature of the contact and the unrefuted basis for respondents' justified opposition to visitation, we conclude that petitioner failed to establish the existence of equitable circumstances permitting the court to entertain her petition and, thus, she has no standing (see Matter of Couse v Couse, 72 AD3d 1231, 1232 [2010]; Matter of Luma v Kawalchuk, 240 AD2d at 897; Matter of Coulter v Barber, 214 AD2d 195, 197 [1995]).

Peters, J.P., Spain, Stein and Egan Jr., JJ., concur. Ordered that the order is affirmed, without costs.