■ In the Matter of ENID GORT, Respondent, v DONNA KULL, Appellant, et al., Respondent. [949 NYS2d 62]—

In a proceeding pursuant to Family Court Act article 6 for grandparent visitation, the mother appeals, as limited by her brief, from so much of an order of the Family Court, Suffolk County (Genchi, J.) dated August 23, 2011, as, after a hearing, granted the petition to the extent of allowing the grandmother to have any visitation that the father of the child chooses not to use.

Ordered that the order is affirmed insofar as appealed from, with costs.

When a grandparent seeks visitation pursuant to Domestic Relations Law § 72 (1), the court must make a two-part inquiry. First, it must find standing, based on the death of a parent or equitable circumstances which permit the court to entertain the petition. If it concludes that the grandparent has established the right to be heard, then it must determine if visitation is in the best interests of the child (*see Matter of E.S. v P.D.*, 8 NY3d 150, 157 [2007]; *Matter of Wilson v McGlinchey*, 2 NY3d 375, 380 [2004]; *Matter of Emanuel S. v Joseph E.*, 78 NY2d 178, 181 [1991]).

Here, contrary to the mother's contention, given the nature and extent of the relationship between the petitioner, who is the paternal grandmother of the subject child, and the child, and the grandmother's efforts to maintain that relationship, the Family Court providently exercised its discretion in concluding that the grandmother had standing to seek visitation pursuant to the equitable circumstances clause of Domestic Relations Law § 72 (1) (*see Matter of Waverly v Gibson*, 79 AD3d 897, 899 [2010]; *Matter of Agusta v Carousso*, 208 AD2d 620, 621-622 [1994]).

The Family Court also providently exercised its discretion in determining that it was in the best interests of the child to grant the grandmother's petition for visitation to the extent of allowing her to have any visitation that the father of the child chooses not to use. The record shows that the grandmother and child had a meaningful, loving relationship, and the animosity between the grandmother and the mother is not a proper basis for denial of visitation to the grandmother (*see Matter of Steinhauser v Haas*, 40 AD3d 863, 865 [2007]; *Matter of Weis v Rivera*, 29 AD3d 812, 813 [2006]). Rivera, J.P., Hall, Lott and Cohen, JJ., concur.