The petitioner, the maternal grandmother of the subject child, commenced these proceedings seeking visitation with the child pursuant to Domestic Relations Law § 72. The Family Court held a hearing on the issue of the petitioner’s standing to seek *1123 visitation, but, at the close of the petitioner’s case, granted the parents’ motion pursuant to CPLR 4401 for judgment as a matter of law dismissing the petitions based upon her failure to establish a prima facie case as to standing.
When a grandparent seeks visitation pursuant to Domestic Relations Law § 72 (1), the court must make a two-part inquiry. First, it must find that the grandparent has standing, based on, inter alia, equitable considerations (see Matter of E.S. v P.D., 8 NY3d 150, 157 [2007]; Matter of Emanuel S. v Joseph E., 78 NY2d 178, 181 [1991]; Matter of Ann M.C. v Orange County Dept. of Social Servs., 250 AD2d 190, 194 [1998]). If it concludes that the grandparent has established standing to petition for visitation, then the court must determine if visitation is in the best interests of the child (see Matter of E.S. v P.D., 8 NY3d at 157; Matter of Wilson v McGlinchey, 2 NY3d 375, 380 [2004]; Matter of Emanuel S. v Joseph E., 78 NY2d at 181; Matter of Gort v Kull, 96 AD3d 842, 843 [2012]).
Here, contrary to the parents’ contention, the petitioner established a prima facie case of standing to seek visitation with the subject child. Through her testimony, the petitioner established, prima facie, the existence of a sufficient relationship with the child to warrant the intervention of equity (see Matter of Gort v Kull, 96 AD3d at 843; see generally Matter of Emanuel S. v Joseph E., 78 NY2d at 182; Matter of Ann M.C. v Orange County Dept. of Social Servs., 250 AD2d at 194). Further, the petitioner demonstrated, prima facie, that the parents’ objection to contact between the child and the petitioner was based solely on animosity between the parties (see generally Matter of Emanuel S. v Joseph E., 78 NY2d at 182; Matter of Waverly v Gibson, 79 AD3d 897, 899 [2010]; cf. Matter of Canales v Aulet, 295 AD2d 507 [2002]). Although “animosity coupled with family dysfunction may provide a basis for denying visitation rights,” the “existence of animosity between the parties alone” cannot provide such a basis (Matter of DiBerardino v DiBerardino, 229 AD2d 539, 540 [1996]; see Matter of E.S. v P.D., 8 NY3d at 157; Matter of Layton v Foster, 95 AD2d 77 [1983], affd 61 NY2d 747 [1984]).
Accordingly, the Family Court erred in granting the motion pursuant to CPLR 4401 for judgment as a matter of law dismissing the petitions at the close of the petitioner’s case, and we remit the matter for a continued hearing on the issue of standing, and, thereafter, if warranted, a hearing to determine whether visitation with the petitioner would be in the best interest of the subject child, and for a new determination of the petitions.
In light of our determination, we need not reach the petition *1124 er’s remaining contentions. Skelos, J.P., Hall, Austin and Hinds-Radix, JJ., concur.