■ In the Matter of MARTIN FELDMAN, Appellant, v MARK ANTHONY TORRES et al., Respondents. [986 NYS2d 565]—

In a proceeding pursuant to Family Court Act article 6 and Domestic Relations Law § 72 for grandparent visitation, the maternal grandfather appeals from an order of the Family Court, Kings County (Perry, J.), dated June 19, 2013, which, without a hearing, denied the petition and dismissed the proceeding.

Ordered that the order is reversed, on the facts and in the exercise of discretion, without costs or disbursements, and the matter is remitted to the Family Court, Kings County, for a hearing to determine whether an award of visitation rights to the maternal grandfather would be in the best interests of the child.

A court determining a petition for grandparent visitation must undertake a two-part inquiry. First, it must determine whether the grandparent has standing to petition for visitation rights (*see* Domestic Relations Law § 72 [1]; *Matter of E.S. v P.D.*, 8 NY3d 150, 157 [2007]; *Matter of Waverly v Gibson*, 79 AD3d 897, 898-899 [2010]). If the grandparent establishes standing, the court must then determine whether visitation is in the best interests of the subject child (*see Matter of E.S. v P.D.*, 8 NY3d at 157; *Matter of Steinhauser v Haas*, 40 AD3d 863, 864 [2007]).

Here, given the nature and extent of the relationship between the maternal grandfather and the child, and the grandfather's efforts to maintain that relationship, the grandfather established the requisite standing to seek visitation pursuant to the equitable circumstances clause of Domestic Relations Law § 72 (1) (*see Matter of Gray v Varone*, 101 AD3d 1122, 1123 [2012]; *Matter of Gort v Kull*, 96 AD3d 842, 843 [2012]).

Under the circumstances present here, the Family Court

improvidently exercised its discretion in dismissing the petition without holding a best interests hearing (*see Matter of Waverly v Gibson*, 79 AD3d 897, 899 [2010]; *cf. Matter of Gray v Varone*, 101 AD3d at 1122-1123). The record is devoid of any indication as to the nature and basis of the respondent mother's objection to visitation. To the extent that the Family Court dismissed the petition based on the grandfather's admission that the mother harbored animosity toward him and, for some reason, did not want him to have any contact with the child, such determination was error. "Although animosity coupled with family dysfunction may provide a basis for denying visitation rights, the existence of animosity between the parties alone cannot provide such a basis" (*Matter of Gray v Varone*, 101 AD3d at 1123 [internal quotation marks omitted]; *see Matter of E.S. v P.D.*, 8 NY3d at 157; *Matter of Gort v Kull*, 96 AD3d at 843; *Steinhauser v Haas*, 40 AD3d at 865).

The grandfather's remaining contention need not be reached in light of our determination. Mastro, J.P., Skelos, Cohen and LaSalle, JJ., concur.