■ In the Matter of ANTHONY BRANCATO et al., Appellants, v THERESA FEDERICO et al., Respondents. [988 NYS2d 678]—

In related proceedings pursuant to Family Court Act article 6 for grandparent visitation, the maternal grandparents appeal from (1) a decision of the Family Court, Suffolk County (Fondulis, J.), dated January 7, 2013, and (2) an order of the same court, also dated January 7, 2013, which, upon the decision, granted the parents' motion to dismiss the petition for lack of standing and dismissed the proceeding.

Ordered that the appeal from the decision is dismissed, without costs or disbursements, as no appeal lies from a decision (*see Schicchi v J.A. Green Constr. Corp.*, 100 AD2d 509 [1984]); and it is further,

Ordered that the order is reversed, on the law, without costs or disbursements, the petition is reinstated, and the matter is remitted to the Family Court, Suffolk County, for a hearing on the issue of the maternal grandparents' standing to seek grandparent visitation and for a new determination thereafter of the parents' motion to dismiss the petition for lack of standing.

"When a grandparent seeks visitation pursuant to Domestic Relations Law § 72 (1), the court must make a two-part inquiry" (*Matter of Gray v Varone*, 101 AD3d 1122, 1123 [2012]). "First, it must find that the grandparent has standing, based on, inter alia, equitable considerations" (*id.* at 1123; *see Matter of E.S. v P.D.*, 8 NY3d 150, 157 [2007]; *Matter of Emanuel S. v Joseph E.*, 78 NY2d 178, 181 [1991]; *Matter of Ann M.C. v Orange County Dept. of Social Servs.*, 250 AD2d 190, 194 [1998]). "If it concludes that the grandparent has established standing to petition for visitation, then the court must determine if visitation is in the best interests of the child" (*Matter of Gray v Varone*, 101 AD3d at 1123; *see Matter of E.S. v P.D.*, 8 NY3d at 157; *Matter of Wilson v McGlinchey*, 2 NY3d 375, 380 [2004]; *Matter of Emanuel S. v Joseph E.*, 78 NY2d at 181; *Matter of Gort v Kull*, 96 AD3d 842, 843 [2012]).

"In considering whether a grandparent has standing to petition for visitation based upon 'circumstances show[ing] that conditions exist which equity would see fit to intervene' (Domestic Relations Law § 72 [1]), 'an essential part of the inquiry is the nature and extent of the grandparent-grandchild relationship,' among other factors" (*Matter of Lipton v Lipton*, 98 AD3d 621, 621 [2012], quoting *Matter of Emanuel S. v Joseph E.*, 78 NY2d at 182; *see Matter of Agusta v Carousso*, 208 AD2d 620

[1994]). Additionally, the court must consider " 'the nature and basis of the parents' objection to visitation' " (*Matter of Bender v Cendali*, 107 AD3d 981, 982 [2013], quoting *Matter of Emanuel S. v Joseph E.*, 78 NY2d at 182; *see Matter of Lipton v Lipton*, 98 AD3d at 622). "In cases where such a [grandparent-grandchild] relationship has been frustrated by a parent, the grandparent must show, inter alia, that he or she has made 'a sufficient effort to establish [a relationship with the child], so that the court perceives [the matter] as one deserving the court's intervention' " (*see Matter of Lipton v Lipton*, 98 AD3d at 621-622, quoting *Matter of Emanuel S. v Joseph E.*, 78 NY2d at 182; *see Matter of Agusta v Carousso*, 208 AD2d at 620). "In assessing the sufficiency of the grandparent's efforts, 'what is required of grandparents must always be measured against what they could reasonably have done under the circumstances' " (*Matter of Lipton v Lipton*, 98 AD3d at 622, quoting *Matter of Emanuel S. v Joseph E.*, 78 NY2d at 183; *see Matter of Agusta v Carousso*, 208 AD2d at 620).

Contrary to the Family Court's determination, the allegations in the petition, the evidence submitted by the parents in support of their motion to dismiss the petition on the ground of lack of standing, and the evidence submitted by the maternal grandparents in opposition to the parents' motion gave rise to factual issues which must be resolved at a hearing, including, inter alia, the nature and extent of the grandparent-grandchildren relationship, the maternal grandparents' efforts to establish and maintain a relationship with the grandchildren, and the parents' alleged attempts to frustrate the grandparent-grandchildren relationship. Accordingly, the Family Court improperly granted the parents' motion to dismiss the petition for lack of standing without first conducting a hearing.

The maternal grandparents' remaining contentions either are not properly before this Court or need not be reached in light of our determination. Skelos, J.P., Dillon, Dickerson and Austin, JJ., concur.