■ In the Matter of PATRICIA L. LUFT, Respondent, v VERONICA BRESCIA LUFT, Appellant, et al., Respondent. [996 NYS2d 535]—

Appeal from an order of the Family Court, Orange County (Lori Currier Woods, J.), dated January 14, 2014. The order granted a petition pursuant to Family Court Act article 6 for grandparent visitation.

Ordered that the order is affirmed, without costs or disbursements.

In considering whether a grandparent has standing to petition for visitation rights based upon equitable circumstances, "an essential part of the inquiry is the nature and extent of the grandparent-grandchild relationship" (*Matter of Emanuel S. v Joseph E.*, 78 NY2d 178, 182 [1991]), including whether the grandparent has a meaningful relationship with the child (*see Matter of Feldman v Torres*, 117 AD3d 1048 [2014]; *Matter of Gort v Kull*, 96 AD3d 842 [2012]; *Matter of Waverly v Gibson*, 79 AD3d 897 [2010]).

Contrary to the mother's contention, in light of the paternal grandmother's efforts to establish and maintain a relationship

with the subject child, the Family Court providently exercised its discretion in concluding that the grandmother had standing to seek visitation (*see Matter of Gort v Kull*, 96 AD3d 842 [2012]; *Matter of Waverly v Gibson*, 79 AD3d 897, 899 [2010]).

The Family Court also providently exercised its discretion in determining that it was in the best interests of the subject child to grant the paternal grandmother's petition for visitation with the child (*see Matter of Gort v Kull*, 96 AD3d 842 [2012]).

The mother's remaining contentions are without merit. Hall, J.P., Cohen, Hinds-Radix and LaSalle, JJ., concur.