■ In the Matter of CAROL SEDDIO, Respondent, v RICHARD M. ARTURA et al., Appellants. [32 NYS3d 299]—

Separate appeals from an order of the Family Court, Nassau County (Merik R. Aaron, J.), dated August 27, 2014. The order, after a fact-finding hearing, granted the grandmother's petition for visitation with her grandchildren pursuant to Domestic Relations Law § 72.

Ordered that the order is affirmed, without costs or disbursements.

On January 14, 2012, the paternal grandmother of the subject children commenced this proceeding seeking visitation with the children pursuant to Domestic Relations Law § 72 (1). After a fact-finding hearing, the Family Court granted the petition, finding that the grandmother had standing to commence the proceeding and that her visitation with the children was in their best interests. The father and the mother separately appeal.

" 'When a grandparent seeks visitation pursuant to Domestic Relations Law § 72 (1), the court must make a two-part inquiry' " (*Matter of Moskowitz v Moskowitz*, 128 AD3d 1070, 1070 [2015], quoting *Matter of Brancato v Federico*, 118 AD3d 986, 986 [2014]; *see Matter of Gray v Varone*, 101 AD3d 1122, 1123 [2012]). "First, it must find that the grandparent has standing, based on, inter alia, equitable considerations" (*Matter of Gray v Varone*, 101 AD3d at 1123; *see Matter of Moskowitz v Moskowitz*, 128 AD3d at 1070; *Matter of Brancato v Federico*, 118 AD3d at 986). "If it concludes that the grandparent has established standing to petition for visitation, then the court must determine if visitation is in the best interests of the child" (*Matter of Gray v Varone*, 101 AD3d at 1123; *see Matter of E.S. v P.D.*, 8 NY3d 150, 157 [2007]; *Matter of Moskowitz v Moskowitz*, 128 AD3d at 1070). "In considering whether a grandparent has standing to petition for visitation based upon 'circumstances show[ing] that conditions exist which equity would see fit to intervene' (Domestic Relations Law § 72 [1]), 'an essential part of the inquiry is the nature and extent of the grandparent-grandchild relationship,' among other factors" (*Matter of Lipton v Lipton*, 98 AD3d 621, 621 [2012], quoting *Matter of Emanuel S. v Joseph E.*, 78 NY2d 178, 182 [1991]; *see Matter of Moskowitz v Moskowitz*, 128 AD3d at 1070). The court must also consider " 'the nature and basis of the parents' objection to visitation' " (*Matter of Bender v Cendali*, 107 AD3d 981, 982 [2013], quoting *Matter of Emanuel S. v Joseph E.*, 78 NY2d at 182; *see Matter of Brancato v Federico*, 118 AD3d at 986).

Here, the Family Court providently exercised its discretion in determining that the grandmother had standing to petition for visitation pursuant to Domestic Relations Law § 72 (1) (*see Matter of Quinn v Heffler*, 102 AD3d 876, 876 [2013]; *Matter of Gort v Kull*, 96 AD3d 842, 843 [2012]). The grandmother's testimony and the in camera testimony of the subject children established that the parents and the subject children lived with the grandmother for at least three to four years and that

there was regular contact between the children and the grandmother before a dispute between the grandmother and the father led to an estrangement in the family (*see Matter of Gray v Varone*, 101 AD3d at 1123; *Matter of Gort v Kull*, 96 AD3d at 843; *Matter of Dubiel v Schaefer*, 108 AD3d 1093, 1095 [2013]; *Matter of Agusta v Carousso*, 208 AD2d 620, 621 [1994]).

The Family Court also properly determined that visitation between the grandmother and the children was in the children's best interests. Animosity alone is insufficient to deny visitation (*see Matter of Hilgenberg v Hertel*, 100 AD3d 1432, 1433-1434 [2012]). In cases where grandparents must use legal procedures to obtain visitation rights, some degree of animosity exists between them and the party having custody of the grandchildren. Were it otherwise, visitation could be achieved by agreement (*see id.*; *compare Matter of E.S. v P.D.*, 27 AD3d 757, 758-759 [2006], *affd* 8 NY3d 150 [2006], *with Matter of Wilson v McGlinchey*, 2 NY3d 375, 382 [2004], *and Matter of Coulter v Barber*, 214 AD2d 195, 197 [1995]). Here, the estrangement between the grandmother and the children resulted principally from the animosity between the father and the grandmother, and given the grandmother's willingness to consent to a period of therapy with the children, the court providently exercised its discretion in determining that it was in the best interests of the children to grant the grandmother's petition for visitation (*see Matter of Luft v Luft*, 123 AD3d 831, 832 [2014]). Mastro, J.P., Maltese, Duffy and Brathwaite Nelson, JJ., concur.