Appeal by the father from an order of the Family Court, Suffolk County (Rosann Orlando, Ct. Atty. Ref.), dated October 20, 2016. The order, after a fact-finding hearing, granted the maternal grandmother’s petition for visitation with the subject child pursuant to Domestic Relations Law § 72 (1).
 

 Ordered that the order is affirmed, without costs or disbursements.
 

 The subject child was born in September 2015. Eight days after giving birth, the child’s mother suffered a cardiac arrest, which has left her unable to speak or eat on her own. On or about December 28, 2015, the child’s maternal grandmother commenced this proceeding seeking visitation with the child pursuant to Domestic Relations Law § 72 (1), alleging that the child’s father had refused to grant her access to the child since the mother’s cardiac arrest. After a fact-finding hearing, the Family Court granted the petition, finding that the grandmother had standing to commence the proceeding and that her visitation with the child was in the child’s best interests. The father appeals.
 

 “ ‘When a grandparent seeks visitation pursuant to Domestic Relations Law § 72 (1), the court must make a two-part inquiry’ ” (Matter of Moskowitz v Moskowitz, 128 AD3d 1070, 1070 [2015], quoting Matter of Brancato v Federico, 118 AD3d 986, 986 [2014]; see Matter of Gray v Varone, 101 AD3d 1122, 1123 [2012]). “First, it must find that the grandparent has standing, based on, inter alia, equitable considerations” (Matter of Gray v Varone, 101 AD3d at 1123; see Matter of Moskowitz v Moskowitz, 128 AD3d at 1070; Matter of Brancato v Federico, 118 AD3d at 986). “If it concludes that the grandparent has established standing to petition for visitation, then the court must determine if visitation is in the best interests of the child” (Matter of Gray v Varone, 101 AD3d at 1123; see Matter of E.S. v P.D., 8 NY3d 150, 157 [2007]; Matter of Moskowitz v Moskowitz, 128 AD3d at 1070). “In considering whether a grandparent has standing to petition for visitation based upon ‘circumstances showing] that conditions exist which equity would see fit to intervene’ (Domestic Relations Law § 72 [1]), ‘an essential part of the inquiry is the nature and extent of the grandparent-grandchild relationship,’ among other factors” (Matter of Lipton v Lipton, 98 AD3d 621, 621 [2012], quoting Matter of Emanuel S. v Joseph E., 78 NY2d 178, 182 [1991]; see Matter of Moskowitz v Moskowitz, 128 AD3d at 1070). The court must also consider “ ‘the nature and basis of the parents’ objection to visitation’ ” (Matter of Bender v Cendali, 107 AD3d 981, 982 [2013], quoting Matter of Emanuel S. v Joseph E., 78 NY2d at 182; see Matter of Brancato v Federico, 118 AD3d at 986).
 

 Here, the Family Court providently exercised its discretion in determining that the grandmother had standing to petition for visitation pursuant to Domestic Relations Law § 72 (1) (see Matter of Gort v Kull, 96 AD3d 842, 843 [2012]). The evidence adduced at the hearing established that the grandmother had a close relationship with, and maintained regular contact with, her daughter, who is the mother of the child. The grandmother further established that she had repeatedly contacted the father in an attempt to visit with the child, and that the mother would have allowed regular contact between the grandmother and the child had she not become incapacitated (see Matter of Seddio v Artura, 139 AD3d 1075, 1076-1077 [2016]; Matter of Gray v Varone, 101 AD3d at 1123; Matter of Gort v Kull, 96 AD3d at 843; Matter of Agusta v Carousso, 208 AD2d 620, 621 [1994]).
 

 The Family Court also properly determined that visitation between the grandmother and the child was in the child’s best interests. Animosity alone is insufficient to deny visitation (see Matter of Hilgenberg v Hertel, 100 AD3d 1432, 1433-1434 [2012]). In cases where grandparents must use legal procedures to obtain visitation rights, some degree of animosity exists between them and the party having custody of the grandchildren. Were it otherwise, visitation could be achieved by agreement (see id. at 1433-1434; compare Matter of E.S. v P.D., 27 AD3d 757, 758-759 [2006], affd 8 NY3d 150 [2007], with Matter of Wilson v McGlinchey, 2 NY3d 375, 382 [2004], Matter of Coulter v Barber, 214 AD2d 195, 197 [1995]). Here, the estrangement between the grandmother and the child resulted principally from the animosity between the father and the grandmother, and the court providently exercised its discretion in determining that it was in the child’s best interests to grant the grandmother’s petition for visitation (see Matter of Seddio v Artura, 139 AD3d at 1077; Matter of Luft v Luft, 123 AD3d 831, 832 [2014]; Matter of Gort v Kull, 96 AD3d at 843).
 

 Balkin, J.P., Leventhal, Chambers and Miller, JJ., concur.