Matter of Mastronardi v Milano-Granito (2018 NY Slip Op 01923)





Matter of Mastronardi v Milano-Granito


2018 NY Slip Op 01923


Decided on March 21, 2018


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on March 21, 2018
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

JOHN M. LEVENTHAL, J.P.
JEFFREY A. COHEN
ROBERT J. MILLER
JOSEPH J. MALTESE, JJ.


2016-02560
 (Docket Nos. V-10289-12, V-10290-12, V-10291-12)

[*1]In the Matter of Steven Mastronardi, et al., petitioners-respondents, 
v
Debra Milano-Granito, respondent-appellant; Tyler M. (Anonymous), et al., nonparty-appellants.


Eric J. Herrmann, New York, NY, for respondent-appellant.
Elaine Miller, Great Neck, NY, for nonparty-appellants.
Polin, Prisco & Villafane, Westbury, NY (Armand J. Prisco of counsel), for petitioners-respondents.



DECISION & ORDER
Separate appeals from an order of the Family Court, Nassau County (Robert Lopresti, Ct. Atty. Ref.), dated January 25, 2016. The order, after a hearing, granted the petition of the paternal grandparents pursuant to Domestic Relations Law § 72(1) for visitation with the subject children.
ORDERED that the order is affirmed, without costs or disbursements.
The paternal grandparents of the subject children commenced this proceeding pursuant to Domestic Relations Law § 72(1) for visitation with the children. After a hearing, the Family Court granted the petition and set forth a visitation schedule. The mother appeals, and the children separately appeal.
When a grandparent seeks visitation pursuant to Domestic Relations Law § 72(1), the court must make a two-part inquiry (see Matter of Winn v Diaz, 156 AD3d 645, 646; Matter of B.S. v B.T., 148 AD3d 1029, 1030; Matter of Fitzpatrick v Fitzpatrick, 137 AD3d 784, 784-785). First, it must find that the grandparent has standing, based on the death of a parent or equitable circumstances (see Matter of E.S. v P.D., 8 NY3d 150, 157; Matter of Pinsky v Botnick, 105 AD3d 852, 854; Matter of Steinhauser v Haas, 40 AD3d 863, 864). "Where either parent of the grandchild has died, the grandparents have an absolute right to standing" (Matter of Emanuel S. v Joseph E., 78 NY2d 178, 181). Once the court concludes that the grandparent has established standing to petition for visitation, the court must then determine if visitation is in the best interests of the child (see Matter of E.S. v P.D., 8 NY3d at 157; Matter of Fitzpatrick v Fitzpatrick, 137 AD3d at 785; Matter of Pinsky v Botnick, 105 AD3d at 854). "[T]he court's determination concerning whether to award visitation depends to a great extent upon its assessment of the credibility of the witnesses and upon the assessments of the character, temperament, and sincerity of the parents' and grandparents" (Matter of Hilgenberg v Hertel, 100 AD3d 1432, 1434, quoting Matter of Thomas v Thomas, 35 AD3d 868, 869; see Matter of Steinhauser v Haas, 40 AD3d at 864). This "determination [*2]concerning visitation will not be disturbed unless it lacks a sound and substantial basis in the record" (Matter of Hilgenberg v Hertel, 100 AD3d at 1434; see Matter of Troiano v Marotta, 127 AD3d 877, 879; Matter of Gonzalez v Borbon, 121 AD3d 895, 896).
Here, the death of the children's father provided the paternal grandparents with automatic standing to seek visitation (see Matter of E.S. v P.D., 8 NY3d at 157; Matter of B.S. v B.T., 148 AD3d at 1031; Matter of Pinsky v Botnick, 105 AD3d at 855).
Turning to the second part of the inquiry, the Family Court properly determined that visitation between the paternal grandparents and the children was in the children's best interests. Animosity alone is insufficient to deny visitation (see Matter of Winn v Diaz, 156 AD3d 645; Matter of Seddio v Artura, 139 AD3d 1075, 1077). Here, the estrangement between the paternal grandparents and the children resulted from the animosity between the mother and the paternal grandparents, and the record supported the forensic evaluator's determination that the paternal grandparents' conduct was not the cause of the animosity (see Matter of Winn v Diaz, 156 AD3d 645; Matter of Seddio v Artura, 139 AD3d at 1077).
Moreover, contrary to the appellants' contention, the Family Court did not, in the order appealed from, improperly delegate its authority to determine visitation issues to the supervisor of the therapeutic visits (see Matter of Dylan Mc. [Michelle M. Mc.], 105 AD3d 1049, 1049; cf. Matter of Rogan v Guida, 143 AD3d 830, 831; Matter of Balgley v Cohen, 73 AD3d 1038, 1038).
The appellants' contentions related to the Family Court's subsequent order dated March 9, 2016, are not properly before this Court.
The grandparents' remaining contention is without merit.
LEVENTHAL, J.P., COHEN, MILLER and MALTESE, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court