Matter of Wendy KK. v Jennifer KK. (2018 NY Slip Op 02371)





Matter of Wendy KK. v Jennifer KK.


2018 NY Slip Op 02371


Decided on April 5, 2018


Appellate Division, Third Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered: April 5, 2018

523352

[*1]In the Matter of WENDY KK., Appellant,
v
JENNIFER KK., Respondent, and DELAWARE COUNTY DEPARTMENT OF SOCIAL SERVICES, Respondent.

Calendar Date: February 21, 2018

Before: McCarthy, J.P., Lynch, Devine, Clark and Pritzker, JJ.


Teresa C. Mulliken, Harpersfield, for appellant.
Amy B. Merklen, Delaware County Department of Social Services, Delhi, for Delaware County Department of Social Services, respondent.
Lisa A. Natoli, Norwich, attorney for the children.


Lynch, J.

MEMORANDUM AND ORDER
Appeals (1) from an order of the Family Court of Delaware County (Rosa, J.), entered April 12, 2016, which dismissed petitioner's application, in a proceeding pursuant to Family Ct Act article 6, for custody of the subject children, and (2) from an order of said court, entered July 14, 2016, which denied petitioner's motion to renew.
Petitioner (hereinafter the grandmother) is the maternal grandmother of two children (born in 2007 and 2009), who currently reside in separate foster care placements. In 2016, it was determined that the children's mother, respondent Jennifer KK. (hereinafter the mother), permanently neglected both children and her parental rights were terminated (Matter of Kaylee JJ. [Jennifer KK.], ___ AD3d ___, 2018 NY Slip Op 01366 [2018])[FN1]. During the pendency of the permanent neglect proceedings, the grandmother commenced this proceeding for visitation [*2]and custody of the children. After a fact-finding hearing, Family Court dismissed the petition, determining that it was not in the children's best interests to award custody to the grandmother. The court did not address the grandmother's request for visitation. The grandmother now appeals this order.[FN2]
A grandparent seeking custody of his or her grandchildren must first establish that extraordinary circumstances exist to warrant Family Court's consideration of whether the grandchildren's best interests would be served by such an award (see Domestic Relations Law § 72 [2]; Matter of Suarez v Williams, 26 NY3d 440, 446-447 [2015]). Similarly, a grandparent seeking visitation with grandchildren must establish standing before the court may consider whether visitation is in the grandchildren's best interests (see Domestic Relations Law § 72 [1]; Matter of Wilson v McGlinchey, 2 NY3d 375, 380 [2004]). A determination that a grandparent has standing to seek visitation is "conferred by the court, in its discretion, only after it has examined all the relevant facts" (Matter of Emanuel S. v Joseph E., 78 NY2d 178, 182 [1991]). These relevant facts "include the nature and extent of the grandparent-grandchild relationship, as well as the nature and basis of the [custodians'] objection to visitation" (Matter of Van Nostrand v Van Nostrand, 85 AD3d 1352, 1352-1353 [2011], lv denied 17 NY3d 708 [2011]). "It is not sufficient that the grandparent[ ] allege[s] love and affection for [his or her] grandchild[ren]" (Matter of Emanuel S. v Joseph E., 78 NY2d at 182).
There is no dispute that Family Court properly determined that there were extraordinary circumstances sufficient to address whether an award of custody to the grandmother would serve the children's best interests. Although Family Court did not explicitly address visitation, we may address it in the exercise of our independent authority, which is as broad as that of Family Court's (see Matter of Van Nostrand v Van Nostrand, 85 AD3d at 1353; Matter of Luma v Kawalchuk, 240 AD2d 896, 896-897 [1997]). Although a grandparent is not precluded from seeking visitation where, as here, parental rights have been terminated, the standing threshold is not automatically conferred (see Matter of Ann M.C. v Orange County Dept. of Social Servs., 250 AD2d 190, 193 [1998], appeal dismissed 93 NY2d 957 [1999]). Indisputably, the grandmother had a relationship with the children while they were in their mother's care and, though she had not seen the older child in two years, she maintained regular contact with the younger child, albeit supervised. When we consider that the grandmother's effort to maintain a relationship "must . . . be measured against what [she] could reasonably have done under the circumstances" (Matter of Emanuel S. v Joseph E., 78 NY2d at 183; see Matter of Vandenburg v Vandenburg, 137 AD3d 1498, 1498-1499 [2016]; Matter of Couse v Couse, 72 AD3d 1231, 1232 [2010]), we find that the grandmother's relationship with the children was sufficient to confer standing under Domestic Relations Law § 72 (1).
Turning to the best interests analysis, we find ample support in the record for Family Court's determination that the childrens' best interests would not be served by an award of custody to the grandmother, and we reach the same conclusion as to visitation. In determining whether a custodial award is in a child's best interests, a court must consider such factors as "the parties' respective abilities to provide stable homes for the child, their relationships with the child and ability to guide and provide for the child" (Matter of Christy T. v Diana T., 156 AD3d 1159, 1161 [2017] [internal quotation marks, brackets and citation omitted]). When considering whether visitation is in a child's best interests, "[t]he most significant consideration in rendering [*3]this determination is the nature and quality of the relationship between the grandparent and the child. Other important factors include the grandparent's ability to nurture the child, his or her attitude towards the child's custodians, the reasons for the objections to visitation, the child's preference and the position taken by the attorney for the child" (Matter of Velez v White, 136 AD3d 1235, 1236 [2016] [citations omitted]).
At the fact-finding hearing, the grandmother's testimony evinced both a limited relationship with the children and, more concerning, limited insight with regard to how to care for them. The grandmother had been the subject of two indicated reports in the past regarding her failure to care for children in her custody. As Family Court noted, one indicated report resulted from her stated belief that there was nothing that she could do to require her then teenaged daughter — the children's mother — to take prescribed medication when the teenager was unwilling to do so. Further, we share Family Court's concern that the grandmother's testimony with regard to the events that led to the termination of the mother's parental rights was equivocal and reflected that she did not understand the gravity of such behavior and its impact on the children. In sum, and with the requisite deference to that court, we find that the determination to deny the grandmother's petition for custody and visitation was supported by a sound and substantial basis in the record (see Matter of Velez v White, 136 AD3d at 1238; Matter of Carolyn S. v Tompkins County Dept. of Social Servs., 80 AD3d 1087, 1091 [2011]).
McCarthy, J.P., Devine, Clark and Pritzker, JJ., concur.
ORDERED that the orders are affirmed, without costs.



Footnotes

Footnote 1: In 2015, the father voluntarily surrendered his parental rights.

Footnote 2: Although the grandmother also appealed from the order denying her motion to renew, she has abandoned her appeal therefrom by not addressing it in her brief.